HOPKINS VS. HOPKINS.

DIVORCE: ALIMONY. *(1)* Res adjudicata, *in divorce suit.* *(2) Change of venue in such suit. (3) Judgment for alimony proper, always revisable. (4) Taking evidence on motion to revise alimony for alleged adultery of former wife.*

1. On a direct appeal from a judgment of divorce, it was affirmed; and on appeal from an order refusing to set aside or modify the judgment, this court decided that there was no ground for setting it aside, but directed it to be modified. 39 Wis., 165, 167. *Held,* that the judgment, so far as it decrees a divorce, is final, and upon this appeal from subsequent decisions of the trial court touching alimony, the decree of divorce cannot be reconsidered, especially upon grounds already passed upon in the previous decisions.

2. The statute which authorizes a *change of venue for prejudice of the judge,* does not apply to an application for modification of a judgment for alimony. 34 Wis., 594.

3. A judgment for partition or division of the real and personal property of the husband between the parties to a divorce suit, is final; but a judgment for *alimony* (whether payable annually or in a gross sum) may be revised by the court from time to time, under the statute (R. S., ch. 111, sec. 28), on the petition of either party; and the amount allowed may be increased or reduced, if new facts are shown which render such change proper.

4. Where, after a judgment of divorce and alimony, the defendant husband filed affidavits alleging that before the commencement and during the pendency of the suit, the plaintiff wife committed adultery at various times with a person named (with whom she intermarried about four months after the judgment was rendered), and that these facts were unknown to defendant when the judgment was rendered, there being also counter affidavits denying the alleged adultery, and recriminating: *Held,* that the court should order *a reference to take testimony* as to the charges and recriminations, with a view to determine whether the judgment of alimony should be changed.

APPEAL from the Circuit Court for *Dodge* County.

A former appeal in this action is reported in 39 Wis., 167, where the facts are stated. After the cause was remanded to the circuit court for modification of the judgment, a motion

for a change of venue on account of the prejudice of the judge, was made by the defendant, and denied. The judgment for alimony having been modified pursuant to the direction of this court, defendant moved for a further modification thereof, and, while this motion was pending, moved for a reference to take testimony on the question of alimony. Both motions were denied, and this appeal was taken from the order refusing a modification of the judgment. Voluminous affidavits were used at the hearing, the substance of which is stated in the opinion, *infra*.

For the appellant, a brief was filed by *James J. Dick* and *A. Scott Sloan*, and there was oral argument by *Mr. Sloan:*

1. The change of venue should have been granted, as matters were to be determined involving an adjudication of the rights of the appellant. The decision in *Bacon v. Bacon*, 34 Wis., 594, should not have been applied to this case. 2. The reference should have been allowed. Issues of this kind, involving important pecuniary matters, cannot be fairly tried upon affidavits; the witnesses should be subjected to the examination of the witness stand. *Bacon v. Bacon*, *supra*. 3. It appears from the record, that the judgment was obtained in pursuance of a collusive agreement between the parties, and also by means of fraud and imposition on both the appellant and the court; and for these reasons it should be set aside. 2 Bish. M. & D. (4th ed.), §§ 238-9, 753, 761; Freeman on Judgments, §§ 99, 250, 435, 492; *Mead v. Norris*, 21 Wis., 310; *Johnson v. Coleman*, 23 id., 452; *Edson v. Edson*, 108 Mass., 590; *Adams v. Adams*, 51 N. H., 388; *Kinnier v. Kinnier*, 45 N. Y., 535. 4. The judgment should be modified as to alimony. The evidence shows that the respondent has been guilty of adultery; and in such a case the wife is not entitled to alimony. 2 Tay. Stats., 1274, § 24; *Campbell v. Campbell*, 37 Wis., 206. The court may inquire into, and make decrees in relation to such matters, as well after as before the judgment. 2 Tay. Stats., 1275, § 28; *Helden v.*

*Helden,* 7 Wis., 296; *Williams v. Williams,* 29 id., 517; *Campbell v. Campbell,* 37 id., 206.

The cause was submitted for the respondent on the brief of *H. W. Lander,* who argued that the applications for change of venue, and for a reference, were rightly denied, as the proceeding was in no sense a *trial;* and that, in view of all the evidence, the judgment should be declared final between the parties. *Bacon v. Bacon,* 34 Wis., 594; *Campbell v. Campbell,* 37 id., 206.

COLE, J.   I. The judgment of divorce cannot be set aside or reëxamined, but must be deemed final and conclusive upon that question.   It must be borne in mind that a direct appeal was taken from the original judgment of divorce, which was affirmed by this court. 39 Wis., 165.   But that is not all.   On the appeal taken from the second order refusing to set aside the judgment or to modify it as asked by the defendant, this court decided that no case was presented for setting aside the judgment, though it was held that the judgment should be modified in certain particulars.   39 Wis., 167.   And upon that appeal, as in this, the point was made that the motion papers showed that the judgment was obtained in pursuance of a collusive agreement between the parties, or by fraud and imposition practiced upon the defendant; but that position was distinctly overruled.   Now, after these adjudications upon the right of divorce, if the judgment is not absolutely conclusive and final upon the question, it is difficult to understand when that effect should be given to it.   Surely if it may now be reëxamined, reconsidered and set aside, the maxim cited by WILLES, J., in *Great Northern R'y v. Mossop,* 84 E. C. L., 130–139, should read, *lites sunt immortales, dum litantes sunt mortales;* for a divorce suit would never end.   But the proposition seems too plain for discussion, that the judgment of divorce must be considered as final and conclusive between the parties.   " Once granted, judgment of divorce, for obvious

reasons of public policy, should, of all judgments, not be disturbed. Such is the policy of our law." RYAN, C. J., in *Campbell v. Campbell*, 37 Wis., 206–210.

2. On the reversal of the order, the cause was remanded with directions to the circuit court — besides the articles of personal property given the plaintiff — to award her $2,000, a gross sum, for alimony proper. The original judgment was thereupon modified by the circuit court in conformity to this direction. Subsequently application was made for further modification of the judgment in respect to alimony, and for a change in the place of trial, on account of the prejudice of the judge. The motion for the change was properly denied. *Bacon v. Bacon*, 34 Wis., 594. Before the application to revise or modify the judgment for alimony was decided, the defendant moved for a reference to take testimony in the matter. This motion was denied; but whether the court refused to grant the motion because the matter in respect to alimony was no longer under its control, or because no case was shown in the affidavits and papers for altering the amount of alimony, does not appear. We have no doubt the circuit court had power to revise the judgment in respect to alimony, providing new facts were shown affecting the character of the plaintiff, or in regard to the changed circumstances of the defendant, which rendered such reduction proper. The statute provides (sec. 28, ch. 111, R. S.) that after a judgment for alimony or other allowance for the wife, the court may from time to time, on the petition of either of the parties, revise and alter such judgment respecting the amount of such alimony or allowance, and the payment thereof, and may make any judgment respecting any of such matters which the court might have made in the original action. It is plain that this provision gives the court plenary power and control over the question of alimony, as was decided in *Campbell v. Campbell*, 37 Wis., 206; authorizes it to revise its judgment in that regard as the situation and circumstances of the parties

change; and even to enforce payment of increased alimony from subsequently acquired estate or income of the husband. Where there is a partition or division of the real and personal property of the husband, between the parties, as is sometimes adjudged when such division seems most advantageous for all concerned (see *Donovan v. Donovan*, 20 Wis., 587; *Cole v. Cole*, 27 id., 531; *Williams v. Williams*, 36 id., 362), there the judgment is necessarily final. *Campbell v. Campbell*, *supra*. But the allowance of a gross sum, as in the present case, unless expressly stated so to be in the judgment, is not to be regarded as a division or partition of the property of the husband between the parties under section 29, but must be treated as alimony proper, remaining under the control of the court. For, under section 24, the court may adjudge the wife "such part of the personal estate of the husband, and such alimony out of his estate, as it shall deem just and reasonable." This it may do by way of requiring the husband to pay the wife a gross sum (*Donovan v. Donovan*), or so much a year. The matter is one resting in the discretion of the court, and the duty of the husband to support the wife may be enforced in either mode. But in both cases it is alimony, in contradistinction to a division of the estate, which is awarded. And, as already stated, this remains under control of the court, and may be revised for good and sufficient reasons at any time. But the law in reference to alimony has been fully discussed in the adjudications of this court, especially in the case of *Campbell v. Campbell*, and it would seem to be unnecessary to dwell longer upon the point.

3. The further question remains, whether the affidavits and motion papers used in support of the application to modify the judgment, and those read in opposition thereto, present any ground for a reference to take testimony upon the matters set forth in the petition.

It is charged and stated in the affidavits and motion papers, that before the divorce suit was commenced, and during the

pendency of that action, the plaintiff committed adultery at various times with one Woodworth, and that this criminal intercourse was unknown to the defendant until quite recently. And it is claimed that this criminal conduct, considered in connection with the fact that the plaintiff intermarried with Woodworth about four months after the divorce was granted, should properly and justly affect the question of the husband's duty to pay future alimony. We are inclined to adopt that view, and to say that if such dissolute conduct on the part of the wife is shown to have existed before, to have continued during the divorce proceedings, and finally to have culminated in the marriage of the guilty parties after divorce, it is a fact which may be considered by the court on the application to reduce the amount of alimony. For we have held that in actions of divorce the strict rights of the parties will not alone be considered, but that there are questions of public policy involved in them which courts are not at liberty to disregard. *Dutcher v. Dutcher*, 39 Wis., 652. It is proper to say that all the charges of adultery are most positively and distinctly denied by the plaintiff in her affidavits, as they are in the affidavit made by Woodworth. And the wife recriminates, and charges that the defendant was himself guilty of adultery with a party named. If on a reference it should appear that both parties have been guilty of the misconduct charged, the court should leave them to their disgrace and infamy. But if, on the other hand, the wife alone has been guilty as charged, the court might well consider whether the husband was not absolved from all duty to pay further alimony. But the facts can only be made to appear on a reference to take testimony, which we think should be had. *Bacon v. Bacon.*

*By the Court.* — The order of the circuit court is reversed, and the cause is remanded for further proceedings in conformity with this opinion.