### THOMAS VS. THOMAS.

ALIMONY.  *(1) Power of court to revise its judgment for alimony.  (2) When former wife cannot testify on her application for such revisal.  (3) How far her past services in maintenance of child to be considered.  (4) How value of U. S. bonds to be estimated.  (5) Case stated.  Principles of permanent division of property.*

1. The circuit court cannot divest itself of authority to revise its own judgment for alimony proper; and the allowance to the wife of a gross sum in an action for divorce must be regarded as alimony proper, unless expressly stated in the judgment to be a division of the property between the parties under sec. 29, ch. 111, R. S.

2. A divorced wife who asks a revision of the judgment as to alimony, is incompetent to testify on her own behalf, at the hearing, if the former husband is insane (ch. 295 of 1874); but the judgment will not be reversed for the admission of her testimony, when the material averments of the petition are satisfactorily proven by other evidence.

3. In general, after a divorce, the primary duty of maintaining the former wife and any child of the marriage, still remains with the former husband; and in revising a judgment for alimony, the court may properly consider the value of the wife's *past* services and disbursements in the care and maintenance of a child of the parties, whether or not an allowance ought to be made for them *eo nomine.*

4. In estimating the estate of a divorced husband, United States bonds included therein should be estimated at their *actual* value.

5. The defendant is insane; the value of his estate is $16,000; the divorce was obtained about fifteen years ago; and the plaintiff has now, and has had during the whole period, the care and charge of a daughter, the only child of the marriage.  *Held,* that there should be a permanent division of property between the parties; and that plaintiff should be allowed, as her proportion thereof, $4,500, to be paid as the circuit court shall direct.

APPEAL from the Circuit Court for *Racine* County.

This is an appeal from a judgment revising a former judgment of divorce *a vinculo* in the action, in respect to alimony.

The parties intermarried in January, 1859, and the defendant deserted the plaintiff in March following.   In April, 1860, the plaintiff commenced this action, and she obtained a judgment of divorce in 1861.

| 41 | 229 |
| 75 | 343 |
| 41 | 229 |
| 81 | 131 |
| 41 | 229 |
| 81 | 253 |
| 41 | 229 |
| 98 | 433 |
| 98 | 439 |
| 41 | 229 |
| 114 | ¹240 |

Prior to the judgment, the parties, by their respective attorneys, stipulated, among other things, that there should .be no judgment for an allowance of alimony, but that the defendant should pay the plaintiff $300 in lieu of alimony.  In the mean time a daughter had been born to the parties, who is still living; but there was no stipulation as to her custody or maintenance.  The judgment provided that the defendant pay the plaintiff $300 in full for alimony, and that the latter should have the care and custody of the daughter.  The $300 was paid to the plaintiff.

In 1875, the plaintiff presented her petition to the circuit court for a revision of the judgment, to the end that further alimony might be awarded to her, together with an allowance for the past support and maintenance of the daughter.

It is alleged in the petition that the defendant is insane and confined in the state hospital for the insane in Dane county, and that William W. Vaughn, Esq., has been duly appointed guardian of his person and estate by the county judge of Racine county.  Mr. Vaughn appeared on behalf of the defendant, and resisted the petition.  On the hearing, the plaintiff was permitted, against the objection of the guardian, to testify as a witness in her own behalf.  The court found, 1. That the property of the defendant is worth the sum of $18,000; 2. That the plaintiff has no property of her own except a small amount of household furniture of trifling value; and  3. That the parties have one daughter, who has been supported by the plaintiff from childhood.  The court thereupon ordered and adjudged "that the defendant pay the plaintiff, or her attorney for her use, the sum of $5,000, and the further sum of $500 for the support of the daughter of the parties."

This appeal is on behalf of the defendant, from such order or revised judgment.

Errors are assigned as follows:

"1. The court below erred in entertaining said petition, and

in rendering any further judgment in said action on the subject of alimony, for the reason that the original decree of divorce entered in the action is conclusive and final on that subject.

" 2. The court erred in admitting the plaintiff to be sworn as a witness in her own behalf, for the reason that the defendant was insane.

" 3. The court erred in admitting testimony relating to the value of the plaintiff's past services and disbursements in supporting her own child.

" 4. The court erred in finding that the defendant's property was worth $18,000.

" 5. The court erred in assigning to the plaintiff alimony to the amount of $5,000, and $500 for the support of the daughter, because, under the circumstances of this case, those sums are manifestly exorbitant and unjust."

The cause was submitted for the appellant on the brief of *Fuller & Winslow* and *Ira C. Paine.* They contended, 1. That the judgment of divorce entered in pursuance of the stipulation then made in respect to alimony, unappealed from, is a bar to this proceeding. 2. That the court erred in permitting plaintiff to be a witness on her own behalf, the defendant being insane. 3. That the court erred in admitting testimony of the value of plaintiff's past services and disbursements in supporting her own child. *Pawling v. Bird's Ex'rs*, 13 Johns., 192; *Finch v. Finch*, 22 Conn., 411; *Burritt v. Burritt*, 29 Barb., 124, 131; 2 Bishop on M. & D. (4th ed.), § 557. 4. That the court erred in finding the defendant's property to be worth $18,000, and especially in including the premium upon his United States bonds, defendant being incapable of managing his own property, the guardian having no authority to convert the bonds into money without the express direction of the court, the income derived from them being only six per cent. upon their par value, and it being impossible to realize more than that value with the accrued in-

terest, if the bonds should at any time be called in by the government. 5. That the allowance made plaintiff in this case was exorbitant.

A brief was filed for the respondent, signed by *Levi Hubbell* as her attorney, and by *J. T. Fish*, of counsel; and the cause was argued orally by *Mr. Fish.* They contended, 1. That the circuit court had full authority to revise and alter the original judgment, or to make a new judgment in respect to alimony, and that the whole estate and income of the husband, actually possessed and enjoyed by him at the time of such subsequent judgment, were subject to it. *Campbell v. Campbell*, 37 Wis., 206. 2. That the facts testified to by the plaintiff were fully established by other evidence, and therefore the erroneous admission of her testimony would have been no ground for reversal, even if the case had been one of a trial by jury, and is still less so where the decision is by the court. *Beck v. Cole*, 16 Wis., 100; *Spencer v. R. R. Co.*, 17 id., 487; *Remlinger v. Town Treasurer*, 22 id., 426–8, 441; *Roach v. Menomonee*, 24 id., 529–30; 25 id., 36; 26 id., 517; 27 id., 108; 29 id., 209, 221; 31 id., 172; *Crary v. Sprague*, 12 Wend., 46, 47; *Ellis v. Short*, 21 Pick., 142; *Edmondson v. Machell*, 2 Term, 4, 5. 3. That the division of the property in this case was an equitable one under all the circumstances in evidence. *Williams v. Williams*, 36 Wis., 362; *Donovan v. Donovan*, 20 id., 586; *Cole v. Cole*, 27 id., 531; *Moul v. Moul*, 30 id., 203; *Campbell v. Campbell*, 37 id., 223–4; *Hopkins v. Hopkins*, 39 id., 171–2; *Burr v. Burr*, 7 Hill, 207; 2 Bishop on M. & D., § 462.

LYON, J. I. A controlling question in this case is, whether the original judgment for $300 in full for alimony is final and conclusive.

In *Campbell v. Campbell*, 37 Wis., 206, it was held that the circuit court has no power to make a *final* judgment for alimony, and cannot divest itself of authority to revise such a

judgment (p. 220).   In *Hopkins v. Hopkins*, 40 id., 462, it was held that the allowance to the wife of a gross sum in an action for a divorce, "unless expressly stated so to be in the judgment, is not to be regarded as a division or partition of the property of the husband between the parties under sec. 29 (ch. 111, R. S.), but must be treated as alimony proper." See also *Coad v. Coad, ante,* p. 23.

On the authority of *Hopkins v. Hopkins*, it must be held that the original judgment in the present case was not for a division of the defendant's estate between the parties, but awarded alimony to the wife; and although such award purports to be in full for alimony, still, on the authority of *Campbell v. Campbell*, it must further be held that the circuit court has power to revise the judgment in that behalf.

II.   The petition admits that the defendant is insane.   Under ch. 295, Laws of 1874, the plaintiff was incompetent to testify as a witness in her own behalf on the hearing of such petition.   But all the material averments of the petition are abundantly proved by the testimony of other witnesses.   Hence, although it was error to permit the plaintiff to testify in her own behalf, such error could not have prejudiced the defendant and is not ground for reversal of the judgment.   R. S., ch. 125, sec. 40.

III.   We think it was not error to admit evidence of the value of plaintiff's past services and disbursements in the care and maintenance of the child of the parties.   Whether an allowance therefor ought to be made, *eo nomine*, or not, doubtless those services and the cost of such maintenance are elements to be considered in determining whether the original judgment for alimony should be changed, and if so, to what extent.   The primary duty to support both mother and child remains with the defendant, notwithstanding the divorce. *Campbell v. Campbell, supra.*   Inasmuch as we have concluded that the best interests of the parties require that a final division of the defendant's estate be made between them,

no specific allowances in respect to the care and support of the daughter, past or future, ought to be made.

IV. The defendant's estate in the hands of his guardian consists of U. S. bonds for $12,500 par value, and a farm worth $3,000. No good reason is perceived why those bonds, like other property, should not be estimated at their actual value, in ascertaining the value of the defendant's estate. At present quotations we think it safe to compute the premium on the bonds at ten per cent. Deducting $750 for certain liabilities of the defendant, his estate, on the above basis, is worth $16,000. The circuit court estimated it at $18,000, but at the time of the hearing the premium on the bonds was 23 or 24 per cent., which accounts for most of the difference in the two estimates.

V. After due consideration of all the facts in the case, we have reached the conclusion that there should be a final division of the defendant's estate between the parties, and that there should be awarded to the plaintiff, as her just and equitable share thereof, the sum of $4,500, to be paid at such times and in such manner as the circuit court shall direct. This will leave in the hands of the guardian $11,500 — the income of which will doubtless be amply sufficient for the care and support of the defendant while he remains in his present unfortunate condition.

*By the Court.* — The judgment of the circuit court is reversed without costs, except that the clerk's fees will be taxed against the defendant; and the cause will be remanded with directions to that court to render judgment in accordance with this opinion.