BLAKE, Respondent, vs. BLAKE, Appellant.

*February 4 — March 1, 1887.*

*Divorce: Alimony or partition of estate?*

7 Every provision made in a judgment of divorce for the support of the wife, unless it is expressly declared to be a division and partition of the estate of the husband, will be construed as alimony, and the court may afterwards, under changed circumstances, modify such judgment as may be just.

APPEAL from the Circuit Court for *Milwaukee* County. The case is stated in the opinion.

*E. Mariner,* for the appellant.

*J. A. Eggen,* for the respondent.

TAYLOR, J.   This is an appeal from an order of the circuit court, made in an action for divorce from the bonds of matrimony, directing that further alimony be allowed the respondent, and that a hearing be had before the court for the purpose of adjusting the terms of the order for future alimony.

The original judgment for a divorce was made in 1882. After the recitals, said judgment reads as follows: "Now, upon motion of Adolph Herdegen, plaintiff's attorney, E. Mariner, Esq., the attorney for the defendant, being present

and making no objections, it is hereby adjudged and decreed that the marriage contract existing between the plaintiff and defendant herein be, and hereby is, dissolved.   And it is further adjudged and decreed that said plaintiff, *Christine Blake*, and said defendant, *Barnum Blake*, be, and are hereby, forever divorced from the bond of matrimony and freed from the obligations thereof.   And it is further ordered and adjudged that the defendant, *Barnum Blake*, have the care, custody, and education of the minor children, John F. Blake and Arthur O. Blake, mentioned in the complaint herein. And it is further ordered and adjudged that the defendant, *Barnum Blake*, pay to *Christine Blake*, the plaintiff herein, the sum of $2,000, upon the execution by her of a release in full of all her dower right that she ever had, now has, or at any time might have, in any of the real estate owned by the defendant, *Barnum Blake*, during coverture.   And it is further ordered and adjudged that the plaintiff have costs of this action, and that she have execution therefor."

The following is a copy of the order appealed from:

" The plaintiff's motion to modify the judgment herein, dated May 6, 1882, by further adjudging to her alimony out of defendant's income and property, having come on to be heard on the 23d day of October, 1886, and the same having been submitted by the plaintiff on the order to show cause dated September 25, 1886, on the verified and filed petition of said plaintiff, and on the record and judgment roll of this cause, and on the oral argument of J. A. Eggen, plaintiff's attorney, and by the defendant on said record and judgment roll, on the affidavit of the defendant, and on the oral argument of E. Mariner, Esq., his attorney, and the court having taken the motion under advisement, and being now sufficiently advised in the matter, the court finds that this case is a fit and proper one in which to allow alimony as prayed for in said petition.   Now, therefore, on motion of J. A. Eggen, plaintiff's attorney, it is ordered and .

Blake vs. Blake.

adjudged that said motion be, and the same hereby is, granted, with ten dollars costs. And it is further ordered and adjudged that, for the purpose of fixing and adjusting the terms of such further or additional judgment, a hearing be had before this court, at which due proof may be taken of all pertinent facts. And it is further ordered that the plaintiff, or her attorney, give the defendant's attorney due notice of the time and place of such hearing, in the manner required by law.

"*Dated November 26, 1886.*

"By the court.      CHARLES A. HAMILTON,

"Circuit Judge."

The petition upon which this last order is based is found in the record, and charges that the original judgment giving the petitioner the $2,000 mentioned in said judgment as her allowance in said action was procured by fraudulent practices on the part of the defendant and his agent in concealing from her the amount and value of the defendant's property at the time, and inducing her to believe that he had far less property than he was in fact possessed of. Whether the learned circuit judge, in making the order appealed from, was induced to do so by reason of the charges of fraud in obtaining the original judgment, or simply because he thought the order in the original judgment giving the plaintiff $2,000 was an order for alimony under sec. 2364, R. S., and not a division and distribution of the estate, both real and personal, of the defendant, as authorized by the further provisions of said sec. 2364, does not appear. It is claimed on the part of the learned counsel for the appellant that the court made the order because in his opinion the judgment did not make a division and distribution of the defendant's property under said section, but was simply a judgment for alimony proper and so subject to modification by the court as might be just considering the changed circumstances of the parties, under the provisions of sec. 2369,

R. S. For the purposes of this appeal we shall adopt the suggestion of the learned counsel as to the ground upon which the circuit court proceeded in making the order.

Upon this appeal the learned counsel for the appellant claims that the original judgment in this case is a judgment dividing and distributing the estate, both real and personal, of the husband, between the parties, as authorized by said sec. 2364, and so is final as between the parties, as prescribed by the last paragraph of sec. 2369, which reads as follows: " But when a final division of the property shall have been made under the provisions of sec. 2364, no other provision shall be thereafter made for the wife.". It is urged by the learned counsel that the judgment in the action must be read. in connection with the findings of the court in said action, and that, when so read, it is apparent that the court did make a division and distribution of all of the estate, real and personal, of the husband, between himself and his wife, as contemplated and authorized by said sec. 2364, R. S., and that the judgment is therefore final between the parties.

The only parts of the findings in the original action which have any bearing upon the question are the following: " *Fifth.* That while the parties lived together as man and wife, before such separation, the said defendant was seized of certain real estate, and that they have agreed in open court, the plaintiff to accept, and the defendant to pay, the sum of $2,000 in full of alimony and for a full share of plaintiff's claim in and to any property of which the defendant has been seized during coverture. And, as a matter of law, that the plaintiff is entitled to judgment of divorce from the bonds of matrimony, and that she have and recover from the said defendant the sum of $2,000, besides the costs of this proceeding, and that, upon executing and delivering to the defendant or his attorney, or filing with the clerk for him, a good and sufficient release of all the

real estate and property of which the said defendant has been seized during coverture, in full of any claim for alimony from said defendant, she have execution therefor upon such judgment."

The judgment provides as follows: "And it is further ordered and adjudged that the defendant, *Barnum Blake*, pay to *Christine Blake*, the plaintiff herein, the sum of $2,000, upon the execution by her of a release in full of all her dower right that she ever had, now has, or at any time might have, in any of the real estate owned by the defendant, *Barnum Blake*, during coverture." The judgment further shows that the parties had lived entirely separate for five years next preceding the commencement of the action. The judgment also finds that the defendant had wilfully deserted his wife. There is another fact which appears in the case, that may give some light as to what was intended by the judgment which required a release of her dower in the defendant's real estate before she could be entitled to the $2,000 awarded to her. The defendant had real estate in the city of Chicago of considerable value at the time, and which has since become of large value, and the divorce of the parties in this state for the fault of the defendant would leave that property subject to the dower right of the plaintiff, notwithstanding the divorce. See 1 Starr & C. Ann. Stat. Ill. 904.

Under the decisions of this court, we think it is manifest that there was no judgment entered in this action dividing and distributing the estate of the defendant, real and personal, between the parties, so as to make such judgment final under the provisions of the statute. The findings of fact and conclusions of law do not show that such was the intention of the court, and there is no claim that the judgment in itself shows any such intention on the part of the court. The finding of fact expressly relied upon says that the $2,000 she is to receive is "*to be in full of alimony* and

for a full share of the plaintiff's claim in and to any property of which the defendant has been seized during coverture." The matter of law found by the court shows what was intended by her "claim to any property," etc. It was her dower right in his real estate, which was not divested by the judgment of divorce. A release of this dower right for a consideration was clearly not a division and distribution of the defendant's estate, both real and personal. It was simply a surrender of a right which the plaintiff had in and to the real estate of the defendant, notwithstanding the judgment for divorce in the case. Taking the finding in its broadest extent, it was only adjudged that she should have the $2,000 in full for alimony and for her release of dower in the defendant's real estate of which he was seized during coverture; and the $2,000 was not adjudged to her as a just and equitable division and distribution of the property of the defendant under the statute.

It has been repeatedly held by this court that a judgment in a divorce suit, which gives a gross sum in full for alimony, does not prevent the court from afterwards modifying the judgment under sec. 2369, R. S., if the circumstances of the parties have so changed as to render such modification just and equitable. *Thomas v. Thomas*, 41 Wis. 229, 233. The giving a gross sum to the wife in a divorce suit is deemed to be for alimony, unless the contrary is expressly stated in the judgment. *Hopkins v. Hopkins*, 40 Wis. 462, 466; *Campbell v. Campbell*, 37 Wis. 206. It is held that the court cannot divest itself of authority to revise a judgment for alimony, except by rendering a judgment making a division and distribution of the property of the parties as authorized by the statute. See, also, *Bacon v. Bacon*, 43 Wis. 209. These cases have discussed the question involved in this appeal in all its aspects, and the law in this state must be considered as settled that every provision made for the support of a wife in a divorce case,

whether it be a gross sum or payments to be made annually or otherwise, or if it be personal property to be delivered, is presumed to be for alimony, whether so expressly stated or not, and that the court may afterwards, under changed circumstances, modify such judgment as may be just to the parties; and no such judgment will be construed to be a division and partition of the estate of the husband, under the statutes, unless it be so expressly declared by the judgment' of the court. This being so, and considering the findings of fact and conclusions of law a part of the judgment, there is nothing in this case which shows that there was any division of the estate of the husband under the statute; and so the judgment is subject to be modified by the court.

*By the Court.*— The order of the circuit court is affirmed.