MAXWELL, Appellant, vs. SAWYER, Executor, Respondent.

*April 26 — May 15, 1895.*

*Divorce: When alimony ceases: Parol evidence.*

1. An allowance, made to the wife by a judgment of divorce, of sums payable at regular intervals from year to year, denominated alimony and not declared to be a division of the husband's estate, was alimony pure and simple, and ceased upon the death of the husband.
2. The terms and legal effect of such judgment could not be contradicted by evidence of a parol agreement between the parties, made before the judgment was entered, that the alimony should continue during the life of the wife.

APPEAL from a judgment of the circuit court for Dodge county: A. SCOTT SLOAN, Circuit Judge. *Affirmed.*

This is a proceeding begun in the county court of Dodge county by petition of *Angelina M. Maxwell* for construction of the will of William L. Maxwell, deceased.

*Angelina M. Maxwell* was the wife of the deceased up to the 9th day of December, 1884, when a judgment of absolute divorce was rendered in an action brought by William L. Maxwell. This judgment contained the following provisions on the subject of alimony: "It is further adjudged that the plaintiff forthwith pay to the attorney for the defendant, for her as alimony, twenty-one hundred dollars, and to her, as further alimony, the further sum of two hundred dollars on the first day of January, 1885, and the fur-

ther sum of four hundred dollars on the first day of July, 1885, and the like sum of four hundred dollars on the first day of each and every six months from said first day of July, 1885. It is further adjudged that, to secure the payment of said semi-annual allowance of alimony of $400, Geo. Jess & Co., bankers, of Waupun, Wis., are hereby constituted and appointed trustees to take hold of the following securities, to wit: The plaintiff shall forthwith execute to said Geo. Jess & Co. a mortgage in trust on his homestead in the city of Waupun, Wis., and shall forthwith deposit with them and keep on deposit with them, for the same purpose, at least six thousand dollars, face value, of good notes secured by good real-estate mortgages."

William L. Maxwell died October 10, 1892, leaving a will, which was duly admitted to probate December 6, 1892, and of which will the respondent, *Sawyer*, is the duly qualified and acting executor. By this will the testator provided for the payment of certain bequests amounting to $26,000, and then made the following provision: "All the rest, residue, and remainder of my estate, real and personal, I, give, devise, and bequeath to *Benjamin F. Sawyer*, of Waupun, Wisconsin, to have and to hold the same as executor and trustee, and his successor in trust and office. In trust, however, for the following uses and purposes, namely: To hold, manage, collect, invest, sell, convey, and dispose of the same at his discretion and best judgment, and out of the proceeds and income of said residue pay to *Angelina Maxwell* the sum of eight hundred dollars ($800) annually during her natural life, the same to be paid semi-annually on the first days of July and January in each year, during the life of the said *Angelina Maxwell*."

The petitioner claimed that she was entitled to receive from the estate both the sum of $800 per year provided by the will, and the sum of $800 per year under the divorce judgment, and prayed for judgment that the executor be

directed to pay both sums each year during her life. The county court adjudged that she was entitled to both sums, but on appeal to the circuit court this judgment was reversed, and the petitioner has appealed to this court.

*James J. Dick,* for the appellant, to the point that the death of the divorced husband does not abate the payment of permanent alimony or a provision made for the divorced wife of a permanent character, cited *Storey v. Storey,* 1 L. R. A. 320; *Burr v. Burr,* 10 Paige, 37.

*H. W. Lander* and *E. M. Beach,* for the respondent, to the point that the alimony ceased upon the death of Mr. Maxwell, cited *Campbell v. Campbell,* 37 Wis. 206, and cases cited; *Knapp v. Knapp,* 134 Mass. 353, and cases cited; *Lannahan v. O'Keefe,* 107 Ill. 620; Pomeroy, Eq. Jur. § 1120.

WINSLOW, J. It is very clear that the allowance made to the wife by the decree of divorce was alimony pure and simple. It is so denominated in the judgment. It consists of an allotment of sums payable at regular intervals from year to year, and it is not declared to be a division of the estate; hence it must be construed as alimony. *Blake v. Blake,* 68 Wis. 303. The general principle is well established, also, that alimony continues only during the joint lives of the parties. It ends when the husband dies. *Campbell v. Campbell,* 37 Wis. 206, see p. 216, and cases there cited; 2 Bish. Mar., Div. & Sep. § 836. Nor could it be shown, as was attempted to be shown by the petitioner, that there was a parol agreement between the parties, before the entry of the divorce judgment, that the alimony adjudged should continue during the life of the petitioner. The effect of such testimony, if it could have any effect, would be to contradict the terms and legal effect of the judgment, and this cannot be done. 1 Freem. Judgm. § 275. The manifest result of these principles is that the circuit court was right in holding that the petitioner was not entitled to both provisions,

but only to the provision made by the will, the provision made by the judgment having ceased on the death of the testator.

*By the Court.*— Judgment affirmed.