LALLY, Appellant, vs. LALLY, Respondent.

*October 29, 1912—January 28, 1913.*

*Divorce: Judgment: Alimony or final division of estate? Annuity: Modification: Stipulation.*

1. Under sec. 2369, Stats. (1898), a judgment in a divorce action decreeing a final division of the husband's estate cannot be modified after the term at which it is entered; but a judgment for alimony may be modified at any time upon the application of either party.

2. A statement or recital in the judgment that it is for a final division of the estate is not conclusive. The legal effect of the judgment, not the mere language used, must govern.

3. A judgment that the husband, "his heirs, executors, and administrators," shall pay to the wife, in monthly instalments, a certain sum per year during her life or until she shall remarry, and that upon refusal or neglect to make such payments the wife may apply to the court for an order enforcing the same, is a judgment for alimony, although it is expressly stated therein that "said payments are to be made and accepted as a full, absolute, and final division of the estate of the parties."

4. The provision for payment by heirs, executors, and administrators is a nullity, since alimony, although it may be made a charge upon specific real estate, is not a charge upon the husband's general estate.

5. A stipulation of the parties, upon which such judgment was in part based, that the yearly sum stated therein be accepted as a final division, is not a bar to the modification of the judgment.

6. Under sec. 2364, Stats. (1898), when a wife is given a portion of her husband's estate as a final division of his property, such portion should by the judgment be transferred and set over to her to be and become her separate estate, subject to her control and dominion, and capable of being disposed of by her by will or otherwise. The court may require such portion to be paid to her in any reasonable number of payments running through a series of years, but the number of payments and their time of commencement and termination must be fixed by the judgment, and they cannot rest upon any contingency or be made defeasible by remarriage.

7. Assuming, but not deciding, that the court may as a final division of the property require the wife to take an annuity, such annuity must not be made to cease or be forfeited upon her remarriage.

KERWIN, SIEBECKER, and TIMLIN, JJ., dissent.

APPEAL from an order of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Reversed.*

In 1906. plaintiff and defendant were divorced by a decree entered by the circuit court for Milwaukee county. The judge who tried the action found as facts

"that the defendant receives an income of at least $10,000 per annum," and "that the plaintiff is without means of her own; that the sum of $300 per month to be paid to the plaintiff by the defendant during her lifetime or so long as she shall remain single is a reasonable sum to be paid to her by the defendant as a full, absolute, and final division of the estate of the parties hereto; provided, however, that on the remarriage of said plaintiff such payments by said defendant at once cease. In making this finding as to the division of the estate of said parties I have taken into consideration with other things the fact that the parties hereto, by their attorneys, have stipulated and agreed in open court that the above sum be paid and accepted as an absolute, full, and final division of the estate of the above named parties. And I further find that such division and distribution of defendant's property and estate as above found, and as stipulated and agreed to between the parties above named, is a just and equitable division and distribution of the estate of said parties."

The judgment, among other things, decreed

"that the defendant, his heirs, executors, and administrators, pay or cause to be paid to the plaintiff during her natural life or until she shall remarry the sum of $3,600 per year, payable in equal monthly instalments of $300 on the first day of each and every month during such term, said payments to be made and accepted as a full, absolute, and final division of the estate of said parties in accordance with the findings of fact and conclusions of law herein on file; provided, however, that on the remarriage of said plaintiff said payments herein provided for shall at once cease. . . . That upon the neglect or the refusal of the defendant to make such payments as are hereby adjudged, the plaintiff, upon filing an affidavit showing such failure or refusal, may apply to the court for an order for the enforcement of the same in such manner as to the court may seem proper."

On the 15th day of September, 1911, the plaintiff filed in said court her petition for a revision and alteration of said judgment respecting the amount of alimony therein provided, as she claims, and for other relief which it is not necessary to enumerate. The court entered an order dismissing the petition for want of jurisdiction, on the ground that the judgment of divorce provided in terms for a final division of the estate, and should be so construed, and therefore could not be revised after the term at which it was entered. From such order the plaintiff appealed.

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *William A. Vincent,* of counsel, and oral argument by *I. A. Fish.*

For the respondent there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *F. L. McNamara.*

The following opinion was filed November 19, 1912:

VINJE, J. The plaintiff claims the judgment entered was for alimony; the defendant, that it was a final division of his estate. If it was a judgment for alimony, then it may be modified at any time upon the application of either party. Sec. 2369, Stats. (1898); *Campbell v. Campbell,* 37 Wis. 206; *Thomas v. Thomas,* 41 Wis. 229. If it was a judgment decreeing a final division of defendant's estate, then the court has no power to modify it after the term. Sec. 2369, Stats. (1898); *Bacon v. Bacon,* 43 Wis. 197, 206; *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028. It cannot be both. *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798; *Kistler v. Kistler, supra.*

Sec. 2364, Stats. (1898), provides that in lieu of alimony the court may "finally divide and distribute the estate, both real and personal, of the husband . . . between the parties and divest and transfer the title of any thereof accordingly." Was such a division, distribution, and transfer made by the

judgment in the present case? True, the trial court said so in the judgment when it was rendered and it said so when the order dismissing the petition was entered. In cases of doubt great weight should be accorded the recitals in the judgment, but they cannot be permitted to override the plain commands of the statute, nor can they change the inherent qualities of the judgment rendered. If the judgment in fact makes no final division of the husband's estate, it is not a judgment of final division though so named therein. The label may be useful in ascertaining what kind of judgment is rendered, but it is not conclusive. If the judgment rendered bears all the characteristics of a judgment for alimony and contains none of the essential requisites of a judgment of final division, then it is of little importance what name it gives itself. The judgment rendered provides (1) for the payment, monthly, by the husband, his heirs, executors, and administrators, of $300 to the wife; (2) that such payments are to cease upon the death or remarriage of the wife; and (3) that upon a refusal or neglect of the husband to make the adjudged payments the plaintiff may apply to the court for an order for the enforcement of the same. These are all the provisions the judgment makes in respect to the husband's estate. Tested by the statutes and decisions they are all essential characteristics of a judgment of alimony, to wit, monthly payments, ceasing upon death or remarriage and enforceable by further application to the court. It is true the provision for payment by his heirs, executors, and administrators does not harmonize with the idea of alimony, for that ceases upon the death of the husband. *Campbell v. Campbell*, 37 Wis. 206; *Maxwell v. Sawyer*, 90 Wis. 352, 63 N. W. 283. But in view of the failure of the judgment to meet the requirements of the statute relating to a final division of the husband's estate, that cannot be considered very

significant.    It was probably the result of inadvertence, per-
haps of habit, for the words "his heirs, executors, and admin-
istrators" are customarily linked with the name of an ob-
ligor.    In any event it is a nullity, for alimony is not a
charge upon the husband's general estate.    *Campbell v.
Campbell,* 37 Wis. 206.    It may be made a charge upon spe-
cific real estate owned by him.    Sec. 2367, Stats. (1898).
The judgment fails to comply with the statute because (1) it
does not divide the estate between the parties; (2) it does
not distribute it between them; and (3) it does not divest
and transfer the title of any thereof to the wife.    She is
given no estate that she can own, control, mortgage, sell, or
bequeath.    For, confessedly, monthly payments ceasing upon
either of two such uncertain contingencies as marriage and
death are not very valuable assets to offer in the financial mar-
ket, and are not subjects of a bequest in a will, as they cease
upon the death of the testator.    It was held in *Kempster v.
Evans,* 81 Wis. 247, 51 N. W. 327, that an instalment of ali-
mony to be paid the wife was not assignable before due.    The
same rule might perhaps be applicable to the payments pro-
vided for in this judgment, even if it were held to be a di-
vision of property, on the ground that each payment is no
more than necessary for the support of the wife and child
until the next one falls due.    The statute contemplates that
when a wife is given a portion of her husband's estate as a
final division of his property such portion should by the judg-
ment be transferred and set over to her to be and become her
separate estate, subject to her control and dominion, and ca-
pable of being disposed of by her will or otherwise.    It is
true the wife's portion may be required by the court to be
paid to her in any reasonable number of payments running
through a series of years, because of the hardship upon the
husband to pay it in one or several payments within a short
time.    But the number of payments, their time of commence-
ment and termination, must be fixed by the judgment.    They

cannot rest upon any contingency nor be made defeasible by remarriage. Such provisions for a number of payments, however, do not prevent the wife from ascertaining, when the judgment is rendered, just how much of the estate she gets or when she is to receive it. Nor do they prevent her from mortgaging, selling, or bequeathing her portion. Such judgment is a division within the statute, and, like an ordinary money judgment, becomes a lien upon the husband's estate, and may be enforced like any money judgment—not by an application to the court for a further order, in his discretion, as is provided for in the judgment in question.

Assuming, but not deciding, that the court could, as a final division of property, require the wife to take an annuity, still the payments provided for in the judgment cannot be regarded as an annuity within the meaning of the statute relating to a final division of the husband's estate. It ceases upon remarriage. No final division of property under the statute can be made so that the wife's share reverts to the husband upon her remarriage. Whatever is given her as her share of the property remains hers forever. She cannot be made to forfeit it by remarriage—not even if she remarries her former husband. *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028. The statute requires a *final* division, distribution, or transfer of title. Nothing less will satisfy it. *Kempster v. Evans,* 81 Wis. 247, 51 N. W. 327.

The findings show that the husband had an income of at least $10,000 a year and the wife none. The custody of one child was awarded to the wife and the custody of the other child to the husband. In view of his income and station in life, a monthly allowance of $300 to the wife would seem to be only an adequate amount for her support and for the maintenance and education of the child whose custody was awarded to her. Payments made for support, whether in a gross sum or at stated intervals, must be regarded as alimony. *Brenger v. Brenger,* 142 Wis. 26, 125 N. W. 109.

If it be urged and conceded that a final division of property in the form of monthly payments during life or widowhood is more advantageous to the wife than the receipt of a gross estate at once, the answer is that the statute does not contemplate or permit such a judgment, and no judgment of final division not within the statute can lawfully be made. *Bacon v. Bacon,* 43 Wis. 197; *Brenger v. Brenger, supra.*

If the judgment be one for alimony, then the stipulation of the parties, recited by the trial court, that the sum of $3,600 per year be accepted as an absolute, full, and final division of the estate, is not a bar to the modification of the judgment. In *Blake v. Blake,* 68 Wis. 303, 32 N. W. 48, the wife stipulated to receive $2,000 in full of alimony and for a full share of her claim in and to any property of which the husband had been seised during coverture. But it was held such stipulation did not preclude the court from afterwards modifying the judgment, which was construed to be for alimony. See, also, *Blake v. Blake,* 75 Wis. 339, 43 N. W. 144.

That the legal effect of the judgment must govern and not the mere language used therein was decided as early as *Bacon v. Bacon,* 43 Wis. 197. In that case the judgment awarded "as further allowance and alimony to the plaintiff" the sum of $2,750 in money out of the husband's estate. Chief Justice RYAN, in speaking of this part of the judgment, says:

"It is quite apparent that the original judgment of the court below was framed upon a different theory, and regards both the real and personal estate assigned to the wife as alimony. Indeed it expressly so calls them. But this is a patent and mere misuse of the word, not affecting the legal construction of the judgment. The words, alimony and allowance, used in it, are superfluous. The judgment must be taken according to its legal effect as judgment for division and distribution between the parties of the husband's estate, real and personal."

So, also, in *Kempster v. Evans,* 81 Wis. 247, 51 N. W. 327, the judgment awarded to the wife $1,000 annually "as alimony for her personal support and maintenance," payable as designated during her natural life in case she remain unmarried. It further declared that such judgment for alimony should "be and stand as a final division of property between the plaintiff and the defendant." The court held that this was not a final division of the husband's estate because the payment or allowance was liable to be terminated at any time by marriage, and further, because it did not undertake to make the final division and distribution of the husband's estate contemplated by the statute, so as to vest in the wife any absolute and irrevocable right, title, or interest in any portion of such estate, or to vest the title thereof absolutely and irrevocably in the husband, so as to preclude the court from thereafter modifying said judgment and making other provision for the wife. In *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798, the judgment decreed "that the said defendant pay to the said plaintiff the sum of $3,900 out of said defendant's estate as alimony, support, and maintenance and as a full and final division, partition, and distribution of said estate." It was held that the judgment was one of final division and not of alimony. In *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028, a judgment reciting that it was for "permanent alimony and division of property" was construed to be a judgment of final division. So it will be observed that, whether the recitals in the judgment as to what kind of a judgment it is are consistent or inconsistent with themselves, the court must look to the legal effect of the decree and determine from such effect what was in fact the judgment rendered. Tested by this rule it seems clear that the legal effect of the judgment under consideration was the granting of alimony and not the division and distribution of the husband's estate. The court therefore erred in dismissing

the petition on the ground that it had no jurisdiction to alter or modify the judgment after the term at which it was rendered.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.

The following opinion was filed November 25, 1912:

KERWIN, J. (*dissenting*). There is no question but that the court below intended to and did make in express terms a judgment of final division and distribution of the property and estate of the parties to the action. Therefore, unless the court was without jurisdiction to render the judgment, it is conclusive here and cannot be modified. Sec. 2369, Stats. (1898), provides that after judgment for alimony the court may from time to time, on petition of either party, revise and alter such judgment respecting the amount of alimony and payment thereof, etc. "But when a final division of the property shall have been made under the provisions of section 2364 no other provisions shall be thereafter made for the wife." The findings of fact made by the court include the following:

"5th. That the defendant receives an income of at least ten thousand ($10,000) dollars per annum, and that the plaintiff is without means of her own.

"6th. I further find that the sum of $300 per month, to be paid to the plaintiff by the defendant during her lifetime or so long as she shall remain single, is a reasonable sum to be paid to her by the defendant as a full, absolute, and final division of the estate of the parties hereto, provided, however, that on the remarriage of said plaintiff such payments by said defendant at once cease. In making this finding as to the division of the estate of said parties I have taken into consideration, with other things, the fact that the parties hereto, by their attorneys, have stipulated and agreed in open court that the above sum be paid and accepted as an absolute, full, and final division of the estate of the above named parties.

"And I further find that such division and distribution of the defendant's property and estate as above found and as stipulated and agreed to between the parties above named is a just and equitable division and distribution of the estate of said parties."

The conclusions of law contained the following:

"3. That the defendant, his heirs, executors, and administrators, pay or cause to be paid to the plaintiff, during her natural life or until she shall remarry, the sum of $3,600 per year, payable in equal monthly instalments of $300 on the first day of each and every month during said term, said payments to be made and accepted as an absolute, full, and final division of the estate of the parties hereto, and in making said allowance as herein provided the court has had due regard to the legal and equitable rights of each of the parties hereto, the ability of the husband, the lack of special estate in the wife, the character and situation of the parties and the stipulation entered into in open court on the trial of this action between the parties hereto as well as other facts and circumstances developed during said trial. That the parties hereto are prohibited from marrying within one year from the date hereof except to remarry each other with the consent of this court."

The decretal part of the judgment is as follows:

" . . . 2. That the defendant, his heirs, executors, and administrators, pay or cause to be paid, to the plaintiff, during her natural life or until she shall remarry, the sum of $3,600 per year, payable in equal monthly instalments of $300 on the first day of each and every month during said term, said payments to be made and accepted as a full, absolute, and final division of the estate of said parties, in accordance with the findings of fact and conclusions of law herein on file; provided, however, that on the remarriage of said plaintiff, said payments herein provided for shall at once cease."

Under all the authorities this judgment is a judgment of final division and distribution of the property of the parties, and not a judgment for alimony, if the court had power to

make the division by awarding an annuity in lieu of a gross sum.

Sec. 2364, Stats. (1898), provides that the court may adjudge to the wife alimony out of the estate of the husband for her support and maintenance and make allowance for the support, maintenance, and education of the minor children committed to her care and custody, "or the court may finally divide and distribute the estate, both real and personal, of the husband and so much of the estate of the wife as shall have been derived from the husband, between the parties and divest and transfer the title of any thereof accordingly, having always due regard to the legal and equitable rights of each party, the ability of the husband, the special estate of the wife, the character and situation of the parties and all the circumstances of the case; . . ."

This statute confers upon the court in the broadest terms the power to finally divide and distribute the estate, both real and personal, between the parties. There being no limitation upon the power of the court in making the division, it necessarily follows that it has power to determine what the division shall be and how it shall be paid. Jurisdiction is the right to hear and determine the controversy and render judgment, and the right to make final division includes the right to determine what is a final division. Jurisdiction does not depend upon the correctness of the decision made, but upon the right to hear and determine the case. If the court erred in making the final division, it was an error within its jurisdiction, not a want of jurisdiction. The only limitation upon the power of the court in making final division under the statute is that it shall not violate the express mandate of the statute. *Brenger v. Brenger,* 142 Wis. 26, 125 N. W. 109.

This court has held that a gross sum may be awarded on final division. Can there be any doubt of the power of the court to award the payment of such sum in instalments cov-

ering a period of years? It seems not. Clearly there is no restriction in the statute as to how the final division shall be made or how the portion awarded to the wife shall be paid. The matter, by the express terms of the statute, is left to the court, and the court, following strictly the language of the statute, made the final division. Not only the letter, but the spirit, of the statute sanctions the right to make an annuity a final division. It is obvious that in many cases the awarding of an annuity would be the best possible final division that could be made. So far as the record discloses, the defendant's means consisted of a $10,000 annual income. The plaintiff stipulated to take $3,600 per annum, payable monthly. Undoubtedly it was the best possible division that could be made for her. It secured her for life or widowhood annually what was equivalent to four per cent. on $90,000, and the judgment was made binding on the defendant, his heirs, executors, and administrators. It could not be changed even if the faculties of the defendant changed. The judgment in this case carved out of the defendant's property or estate a life estate in the plaintiff subject to be defeated on her remarriage. This annuity was an estate and a proper final division where so declared in the judgment. *Campbell v. Campbell,* 37 Wis. 206.

In *Bacon v. Bacon,* 43 Wis. 197, at page 209, the court said:

"The husband's estate of which division and distribution may be made, may be real or personal, or both. When judgment of divorce awards personalty only to the wife, whether payable like an annuity or in a gross sum, it is *prima facie* for alimony; and if it be intended to operate as a division and distribution of estate, the judgment must so declare. Then only will it be final. *Hopkins v. Hopkins* [40 Wis. 462], *Thomas v. Thomas* [41 Wis. 229], *supra.* But if judgment of divorce divest the husband of his title to realty, transferring it to the wife, it is necessarily division and distribution of estate. . . ."

In *Blake v. Blake,* 68 Wis. 303, at page 308 (32 N. W. 48), the court said:

"These cases have discussed the question involved in this appeal in all its aspects, and the law in this state must be considered as settled that every provision made for the support of a wife in a divorce case, whether it be a gross sum or payments to be made annually or otherwise, or if it be personal property to be delivered, is presumed to be for alimony, whether so expressly stated or not, and that the court may afterwards, under changed circumstances, modify such judgment as may be just to the parties; and no such judgment will be construed to be a division and partition of the estate of the husband, under the statutes, unless it be so expressly declared by the judgment of the court. This being so, and considering the findings of fact and conclusions of law a part of the judgment, there is nothing in this case which shows that there was any division of the estate of the husband under the statute; and so the judgment is subject to be modified by the court."

In *Maxwell v. Sawyer,* 90 Wis. 352, at page 354 (63 N. W. 283), the court said:

"It is very clear that the allowance made to the wife by the decree of divorce was alimony pure and simple. It is so denominated in the judgment. It consists of an allotment of sums payable at regular intervals from year to year, and it is not declared to be a division of the estate; hence it must be construed as alimony. *Blake v. Blake,* 68 Wis. 303, 32 N. W. 48. The general principle is well established, also, that alimony continues only during the joint lives of the parties. It ends when the husband dies."

I think what is perfectly plain from the language of the statute is also clearly inferable from the language of the decisions above quoted from, namely, that an annuity is a final division when so declared in the judgment. It is true, as said in numerous cases in this court, that every provision made for support of the wife, whether in gross sum or annually, or otherwise, is treated as alimony whether expressly stated to be such or not, unless it be declared in the judgment

to be a division of the estate, and some of the cases turn on whether the language of the judgment is sufficient to constitute final division.

There is no doubt about the intention of the court in the instant case, because the same judge who rendered the judgment denied the petition in this proceeding to modify it on the ground that it was a final division of property, and the judgment upon its face is as plainly a judgment of final division as language can make it. Therefore, under all the decisions of this court, the judgment is a final division and distribution of the property and estate of the defendant and not a judgment for alimony. I shall refer to the decisions later.

In the majority opinion it is said that the label of the judgment is not conclusive. I agree with that. You cannot make fish flesh by a label, neither can you make the judgment here a judgment for alimony by a label. The majority opinion also says that the judgment fails to comply with the statute, because (1) it does not divide the estate between the parties; (2) it does not distribute it between them; and (3) it does not divest and transfer the title of any thereof to the wife. True, the statute provides that the court may divest title and transfer property, but this is not made essential under the statute to a final division, nor is it necessary under the decisions of this court. On the contrary, this court has expressly ruled that an award in a judgment of a gross sum is a final division, if awarded as such. *Bacon v. Bacon,* 43 Wis. 197; *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798; *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028; *Thomas v. Thomas,* 41 Wis. 229; *Blake v. Blake,* 68 Wis. 303, 32 N. W. 48.

Nor can it be justly said that an annuity for life dependent upon the act of the wife to terminate it by remarriage is not a valuable asset. In view of the fact which we have a right to assume from the findings and the judgment, that the only substantial property which the defendant had was an income,

it may well be that an annuity of $3,600 a year during the life or widowhood of the wife was a far better settlement and division for her and would net her a much larger amount than any gross sum on final division which could have been awarded in view of the defendant's faculties at the time the judgment was rendered. But the question whether the annuity was a valuable asset or not, or whether the proper final division were made or not, is quite unimportant. The question, and the only question, before us is whether the court had power to make a final division by awarding an annuity as it did, and whether it in fact by the terms of the judgment did so. Nor is it any objection to the judgment as a final division and distribution that it provides that payments should cease upon remarriage. This was stipulated to by the parties, and while the judgment did not rest solely upon the stipulation, that was taken into account, among other things, in connection with other facts and circumstances developed upon the trial. The plaintiff was awarded by the final division a life estate in the nature of an annuity which could only be terminated by her own act. There was no reverter of any portion of the estate to the husband upon remarriage of the wife, as indicated in the opinion of the court. She was not made to forfeit anything. The duration of the estate was measured by two events, remarriage or death, either of which terminated it.

I shall briefly consider the cases cited in the opinion of the court, and some others. *Bacon v. Bacon,* 43 Wis. 197; *Blake v. Blake,* 68 Wis. 303, 32 N. W. 48; and *Maxwell v. Sawyer,* 90 Wis. 352, 63 N. W. 283, have already been considered. *Campbell v. Campbell,* 37 Wis. 206, provided for payment to the wife of $100 per year for three years for support. Clearly an allowance of alimony for support. In that case RYAN, C. J., discusses the meaning of the word "estate," and holds that it includes a term for years and is sufficiently comprehensive to embrace property of every description, and dis-

cusses alimony, which was the particular matter under consideration, the court remarking that they were not considering division of estate, but alimony.

*Thomas v. Thomas,* 41 Wis. 229, following *Hopkins v. Hopkins,* 40 Wis. 462, holds that a gross sum awarded to the wife on divorce is not a final division of property, *unless so stated in the judgment to be.*

In *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028, it was adjudged that the defendant pay to the plaintiff $1,000 "as and for her permanent alimony and division of property," and it was held that the judgment was "confused and inaccurate" because it described the sum *as and for permanent alimony and division of property,* whereas it could not be both, and that it must be construed as a division of property.

In *Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798, the language of the decree as to property matters is this: "It is ordered, adjudged and decreed that the said defendant pay to the said plaintiff the sum of $3,900 out of said defendant's estate *as alimony, support and maintenance, and as a full and final division, partition and distribution of said estate.*" (Italics are mine.)   It is said in the opinion that this language, using the word "alimony," is very inappropriate for the purpose, but that taking the language as a whole the judgment was held to be one for division of property, not alimony.

In *Kempster v. Evans,* 81 Wis. 247, 51 N. W. 327, the court by a judgment awarded $1,000 annually to the wife "as alimony for her personal support and maintenance," payable as designated, during her natural life in case she remained unmarried; but provided that in event of her marriage such alimony should at once terminate.   It was further declared in the judgment that such judgment for alimony should "be and stand as a final division of property between the plaintiff and defendant."   The judgment was held one for alimony and not final division of property.

In *Brenger v. Brenger,* 142 Wis. 26, 125 N. W. 109, it was

held that every provision for support in a judgment in a divorce action, whether it requires payment of money at intervals or in gross, is to be regarded as alimony whether so expressly stated or not.   The conclusion of law upon which the judgment was based is rested upon the finding "that the plaintiff is entitled to an allowance for support of $25 per month" as long as "he shall live," and it is said that the allowance has all the characteristics of alimony and none of division of property.

In *Palica v. Palica,* 114 Wis. 236, 90 N. W. 165, it was held that the judgment was not intended as a final division of the estate, hence does not come within the limitations of sec. 2364, Stats. (1898).

The above case shows that the mere divesting of title does not of itself make a final division of property, but rather the adjudication in the judgment to that effect.   *Hopkins v. Hopkins,* 40 Wis. 462; *Coad v. Coad,* 41 Wis. 229.   There the judgment divested each party of all interest in the property of the other, and the title of each was confirmed in the property in his or her name, and $180 ordered paid by defendant annually to plaintiff, and the household furniture was also by the judgment awarded to the wife.

As will be observed from the foregoing cases, the difficulty which has arisen in determining whether the judgment in each case was one for alimony or final division resulted from the terms of the judgment, and in all cases where the language was clear that the court intended to make a final division the judgment has been held to be such.   As was said of the judgment in *Kistler v. Kistler,* 141 Wis. 491, 124 N. W. 1028, there is confusion in the cases because of language used which would appear to support either kind of a judgment.   *Kempster v. Evans,* 81 Wis. 247, 51 N. W. 327, is strongly relied upon in the opinion of the court, and is the strongest case cited in support of the opinion.   But from the language of the judgment in that case it was not clear whether the court

intended to award alimony or make a final division of the property of defendant. The language of the judgment was ambiguous because the annual payment was awarded as alimony for personal support and maintenance and also a *final division of property.* So this court was called upon to determine, in view of the fact that the judgment could not be both, which was intended. Moreover, in the *Kempster Case* there is nothing in the judgment showing that the payments were to continue after the death of the husband, as in the instant case.

True, there is some confusion and lack of harmony in the decisions of this court upon the subject under consideration. I regret to say, however, that in my opinion the decision of the instant case will materially add to the confusion heretofore existing.

I think the order appealed from is right and should be affirmed.

I am authorized to say that Mr. Justice SIEBECKER and Mr. Justice TIMLIN concur in this dissent.

A motion for a rehearing was denied, with $25 costs, on January 28, 1913.