Gallager, Appellant, vs. Gallager and wife, Respondents.

*October 12 — November 22, 1898.*

*Divorce from bed and board: Dower and homestead rights.*

A divorce from bed and board, and division of property between the parties to a divorce action, pursuant to the statutes of this state, terminates the relation of the parties as regards property rights, except as preserved in the decree, in all respects the same as a divorce from the bonds of matrimony, accompanied by the same circumstance.   It bars the divorced wife from dower and homestead rights, regardless of common-law rules as to the status of the parties under a mere sentence of separation.

[Syllabus by Marshall, J.]

Appeal from a judgment of the circuit court for Sheboygan county: N. S. Gilson, Circuit Judge.  *Affirmed.*

Action of ejectment to recover homestead and dower inter-
ests claimed by plaintiff under the following circumstances:
On the 16th day of March, 1893, at the suit of William Gal-
lager, then husband of the plaintiff, a judgment of divorce
from bed and board between the parties was duly rendered
and a final division of their property was decreed as provided
by law. Part of such property consisted of a homestead oc-
cupied by the parties, and that was decreed to the husband,
though plaintiff continued to occupy it till she was dispos-
sessed thereof as hereafter stated. April 15, 1895, the di-
vorced husband conveyed the homestead and some other
lands decreed to him as aforesaid to the defendant *William
J. Gallager*, and thereafter, claiming title under such con-
veyance, *William J. Gallager* excluded plaintiff from the
homestead and thereafter denied that she had any right,
title, or interest therein. March 8, 1897, the divorced hus-
band died, and subsequently, upon *William J. Gallager* re-
fusing to recognize plaintiff as having any homestead or
dower interest in the property conveyed to him as aforesaid,
this action was brought to recover both such interests on the
theory that they were not affected by the judgment of di-
vorce. The facts as stated were undisputed on the trial, and
as a conclusion of law therefrom the trial court decided that
the judgment of divorce and division of property of the par-
ties ended their relations in regard thereto, and rendered
judgment in favor of the defendants accordingly, from which
plaintiff appealed.

For the appellant there were briefs by *Bouck & Hilton*,
and oral argument by *Gabe Bouck*.

*Francis Williams*, for the respondents.

MARSHALL, J. The single question presented on this ap-
peal is, Does a divorce from bed and board under the laws
of this state, where there is a division of property between
the parties, terminate the marriage relation as to property

rights, except as preserved in the decree? The trial court decided that question in the affirmative, and it is of such decision that appellant complains. The learned counsel for appellant furnished the court with an exhaustive argument supported by numerous authorities to show that a divorce from bed and board does not change the relation of the parties except as to the duty of cohabitation; that they still remain husband and wife notwithstanding the sentence of separation, and that upon the death of the husband, the wife surviving, she becomes his widow and entitled to widow's rights of dower and homestead under the laws of this state. So far as counsel's contention is confined to the common-law doctrine, to which all the authorities called to our attention relate, no issue can be taken therewith. The difficulty is that the common law furnishes but little aid in determining the status of a divorced wife under our system, because that is wholly regulated by statute. There was formerly no such thing as a divorce from the bonds of matrimony for a cause happening subsequent to marriage and recognizing a valid matrimonial contract, nor was there such a thing as a dissolution of the marriage contract and a survivorship of the right of dower or to alimony. Now all that is changed by statute, and we must look to the statute alone, and the decree of divorce entered pursuant thereto, to determine the situation of the divorced wife as to property rights. For the reasons indicated we shall not spend time to review the numerous decisions that may be found under statutes differing from ours, or where common-law principles prevail. It may be admitted that such authorities establish the law as contended for by appellant.

True, as said by the learned counsel, the statute of this state endows the widow of a deceased husband of an interest in all the lands of which he was seised of an estate of inheritance during the existence of the marriage contract, unless lawfully barred therefrom, subject to some conditions

not material here. Stats. 1898, sec. 2159. But it is not the
law that such right of dower can be barred only by consent
of the wife given in some one of the ways indicated by stat-
ute. It may be barred by dissolution of the marriage con-
tract (*Burdick v. Briggs*, 11 Wis. 126; *Barrett v. Failing*,
111 U. S. 523; *Hood v. Hood*, 110 Mass. 463; *Lamkin v.
Knapp*, 20 Ohio St. 454), or it may be barred where the
legal effect of a divorce by statute of itself does not reach
that far, if the decree so provides, and the benefits thereof
are accepted by the wife (*Adams v. Storey*, 135 Ill. 448).
And it may be barred by a divorce of any kind if such be
the statute on the subject, by express language or by neces-
sary implication. 2 Bish. Mar. & Div. § 730. Dower right,
so long as inchoate, by the great weight of authority, has
none of the elements of contract, and is not subject to con-
stitutional protection. It may be granted subject to such
conditions and limitations in respect to investiture or for-
feiture as the legislature may deem proper, and it may be
subsequently changed or abolished altogether, as legislative
wisdom may dictate. *Morrison v. Rice*, 35 Minn. 436; *Bar-
bour v. Barbour*, 46 Me. 9; *Cummings v. Cummings*, 51 Mo.
261; *Richards v. Bellingham Bay Land Co.* 54 Fed. Rep. 209.

It is not open to question in this state but that a divorce
from the bonds of matrimony bars all right in the property
of the husband not secured to her in the decree originally,
or by some subsequent revision of it, and that where there
is a final division of the property made between the parties,
their relations as regards that subject are forever at an end.
*Donovan v. Donovan*, 20 Wis. 586; *Wilke v. Wilke*, 28 Wis.
296; *Burdick v. Briggs*, 11 Wis. 126. That has been so long
the settled law of this state as to become a rule of property
that cannot be departed from. It will hardly admit of rea-
sonable controversy but that, in case of a dissolution of the
marriage contract absolutely, the intent of the statute upon
which the cases cited are based is that the allowance of

permanent alimony to the wife out of the husband's estate, or the conveyance to her of a portion of his estate as her equitable part thereof and a final adjustment of her property rights, shall be in lieu of dower rights and all other property rights growing out of her marriage relation. The situation is manifestly the same where there is a division of property, whether the divorce be from the bonds of matrimony or from bed and board, as the statute applies as distinctly to the one as to the other. True, the former terminates coverture for all purposes, and leaves the parties substantially the same as if they were never married, while the latter does not have, that effect, but on the contrary leaves the parties bound so that neither can marry another, and so they may be reconciled to each other and resume full marriage relations without a new bond of matrimony; and so that, upon the death of the husband, the wife surviving, she becomes his widow, and in that respect fulfills the essential of widowhood necessary to the vesting of dower rights under the statute, which essential does not exist in case of an absolute divorce. But as the evident purpose in the one case was, by a division of the property, to compensate the divorced wife for all marital rights in that regard in the estate of her husband, and of the husband in the estate of the wife as well, notwithstanding the validity of the marriage up to the time of entering the decree, something unknown to the common law, it must follow as a necessary inference that such purpose reaches the whole scope of the statute, and includes divorce from bed and board as well as divorce from the bonds of matrimony.

The wording of the statute (sec. 2364) is that, upon every divorce from the bond of matrimony for any cause excepting that of adultery committed by the wife, and for divorce from bed and board, the court may adjudge to the wife such alimony out of the estate of the husband, for her support and maintenance, as it shall deem just and reasonable, or the

court may finally divide and distribute the estate of the husband, both real and personal, and so much of the estate of the wife as has been derived from the husband, between the parties, and divest and transfer the title of any thereof accordingly. Sec. 2369 provides, further, that after a division of property in a divorce action, "no other provision shall be made for the wife." There can be no mistaking the meaning of that language. When the divorce in question was granted the husband owed to the wife the duty of support during their joint lives, and after his death, she surviving, she was entitled to homestead rights during her widowhood and to be endowed of an interest in the real estate of which he was seised of an estate of inheritance during their coverture, unless she was barred therefrom according to law. The final division of the property of the parties under the statute was intended to, and did, recognize all those rights, and terminated their relations in regard thereto as effectually as if the divorce were absolute. *Tatro v. Tatro*, 18 Neb. 395. If there could be any reasonable doubt about that in any event, certainly it disappears when the circumstance is considered that plaintiff accepted the benefits of the decree and fully recognized its effect during the lifetime of her di- - vorced husband. *Adams v. Storey*, 135 Ill. 448; *Owen v. Yale*, 75 Mich. 256.

Nothing further need be said on the point presented for our decision. It turns primarily on the construction of the statute, and that is not aided materially, as before observed, by a discussion of common-law principles regarding the effect of a limited divorce upon marital rights of property. We hold that the clear intent of our statute is that, on a final division of property between the parties to a divorce action, regardless of the character of the decree, as to whether limited or absolute, the relations of the parties as to property shall thereby be forever terminated except as recognized and preserved by the decree; further, that if

such were not the true construction of the statute, a decree awarding to the wife a portion of her husband's estate as and for her share thereof, accepted by her, operates by way of estoppel, upon her surviving the divorced husband, to lawfully bar her right of dower and all other widow's rights of property.

*By the Court.*— The judgment of the circuit court is affirmed.