YATES vs. YATES: PETITION OF MILLER, Guardian *ad litem*.
YATES, Appellant, vs. MILLER, Respondent.

*February 16—March 13, 1917.*

*Guardian ad litem: Compensation from fund in control of court: Divorce: Allowances: Revision of judgment: Death of wife: Termination of trust agreement.*

1. In the absence of special legislative authority, no compensation can be allowed to an unsuccessful guardian *ad litem*, payable out of the fund under the control of the court, in excess of taxable costs or a sum in the nature thereof as taxed between party and party.

2. A judgment can be revised or altered under sec. 2369, Stats., only when the petition is made by a party for revision or alteration in some of the matters enumerated in said section.

3. An allowance for alimony having come to an end by the death of the divorced wife, and the right to care and custody of a child having been restored to the father, the divorce judgment was, in a special proceeding, so modified as to terminate a trust agreement, made a part of such judgment, under which a fund had been placed in trust to provide for said alimony and the support of the child. *Held,* that when the divorce judgment was so modified it was no longer a judgment for alimony or other allowance for wife or child or for the appointment of a trustee, and the court could not thereafter, upon petition of the guardian *ad litem*, who had acted for the child in the special proceeding, make the termination of the trust contingent upon the payment of compensation to such guardian.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

The original action was brought by the plaintiff to secure a divorce. An interlocutory judgment of divorce had been entered in the action February 13, 1911. Prior thereto plaintiff and defendant had entered into an agreement by which they had settled their property rights, and by the terms of this agreement $40,000 was placed in trust for the benefit of the plaintiff, who was to receive the income there-

from during her life and upon her death the same was to be paid to the minor·child of the parties, with certain reservations not here material. The agreement was embodied in the judgment. Within a few months after the entry of the interlocutory judgment the plaintiff died, leaving the minor child surviving, entitled, according to the terms of the trust agreement, to receive·the income. Thereupon the defendant, by a special proceeding in the divorce action, sought a modification of the judgment. In such proceeding the judgment was modified and the defendant was restored to the unqualified title to the property held under the trust agreement and the custody of the child was awarded to the defendant. There was an appeal from the judgment in the special proceeding (see *Yates v. Yates,* 157 Wis. 219, 147 N. W. 60). The petitioner, *George P. Miller,* was guardian *ad litem* of the minor child in the proceeding brought by the defendant to modify the original judgment and represented her upon the trial and in this court upon appeal. The *remittitur* from this court was filed with the clerk of the trial court August 24, 1914. This is an application by the guardian *ad litem* to fix the value of the services rendered upon the appeals and in the court below, begun by petition at the foot of the judgment in the special proceeding June 18, 1915. In his petition the guardian *ad litem,* after setting out certain preliminary matter, alleges:

"That in the trial of said proceeding upon petition of *Arthur W. Yates,* and in the prosecution of said appeal to the supreme court of Wisconsin, said *George P. Miller* as guardian *ad litem* of said Georgia Marion Yates, a minor, and as attorney for said trustee, performed and caused to be performed a considerable amount of work and labor and rendered legal services, in the investigation of the facts preparatory to the trial, in the examination of witnesses upon the trial, in the investigation of the law, in the making of oral arguments in this court and in the said supreme court, in the preparation of written briefs filed in this court, and in

the preparation of a printed case and a printed brief filed in said supreme court; that said work and labor and said services as such attorney and guardian *ad litem* are reasonably worth the sum of one thousand dollars ($1,000); that he as such guardian *ad litem* or as attorney for said trustee has received no compensation whatever for the same; that said trustee has in its possession as such trustee the property which came into the possession of said trustee under such trust."

The guardian *ad litem* asked for an order modifying the judgment theretofore made by the circuit court by inserting therein a provision requiring that there should be paid to the petitioner out of the property described in the trust agreement sums aggregating $1,178.30 and for general relief. The defendant in the original action, the appellant here, answered the petition of the guardian *ad litem*, alleged that the appeals were fruitless, that he was not under any obligation to pay the petitioner fees as guardian *ad litem* beyond the taxable costs and disbursements, that he had offered to pay the guardian *ad litem* fair compensation, which the guardian *ad litem* refused, taking the position that he preferred to have the entire matter settled by the court; that thereupon appellant elected to stand upon his legal rights and denies that he is under any obligation to said guardian *ad litem* beyond the judgment for costs. There was a trial before the court upon the petition and answer. The court found that the services of the guardian *ad litem* were reasonably worth the sum of $650; that the services were necessary; that they inured to the benefit of the minor; that the guardian *ad litem* had necessary disbursements amounting to $178.30, and other facts were found not necessary to be stated here, and judgment was entered as follows:

"And it is further ordered, adjudged, and decreed that the revocation and cancellation of the trust agreement and trust conveyance dated February 6, 1911, and executed by *Arthur W. Yates* and First Savings & Trust Company and the accounting of the said First Savings & Trust Company to said

*Arthur W. .Yates* for the property described in such trust agreement and conveyance which was ordered, adjudged, and decreed in and by said order, judgment, and decree of November 22, 1913, shall be conditioned on the payment of said sum of six hundred fifty dollars ($650) by said *Arthur W. Yates* to *George P. Miller,* and said payment shall be made before said cancellation and revocation shall become effective and before said accounting shall be made."

From the judgment entered this appeal is taken by the defendant, *Yates.*

For the appellant there was a brief by *Flanders, Bottum, Fawsett & Bottum,* and oral argument by *F. L. McNamara,* all of Milwaukee.

*Stephen J. McMahon* of Milwaukee, for the respondent.

ROSENBERRY, J. It is conceded that under the general rule laid down in *Will of McNaughton,* 138 Wis. 179, 118 N. W. 997, 120 N. W. 288, no compensation can be allowed to an unsuccessful guardian *ad litem* payable out of the fund under control of the court in excess of taxable costs or a sum in the nature thereof as taxed between party and party, in the absence of special legislative authority. It is contended, however, that special legislative authority exists in the present case by virtue of the following statute:

"Section 2369. After a judgment providing for alimony or other allowance for the wife and children, or either of them, or for the appointment of trustees as aforesaid the court may, from time to time, on the petition of either of the parties, revise and alter such judgment respecting the amount of such alimony or allowance and the payment thereof, and also respecting the appropriation and payment of the principal and income of the property so held in trust, and may make any judgment respecting any of the said matters which such court might have made in the original action. . . ."

By the death of the wife the allowance for alimony was at an end, as alimony continues only during the joint lives of the parties. *Maxwell v. Sawyer,* 90 Wis. 352, 63 N. W. 283. By the death of the mother the right of the father over

the child was restored and he was legally bound to provide for all her wants, and he was entitled under the facts and circumstances shown in this case to her care and custody. *Taylor v. Jeter,* 33 Ga. 195; *Bryan v. Lyon,* 104 Ind. 227, 3 N. E. 880; 9 Ruling Case Law, 479; *Clarke v. Lyon,* 82 Neb. 625, 118 N. W. 472, 20 L. R. A. N. s. 171 and note; *Barnes v. Long,* 54 Oreg. 548, 104 Pac. 296, 25 L. R. A. N. s. 172; *Wilson v. Mitchell,* 48 Colo. 454, 111 Pac. 21, 30 L. R. A. N. s. 507. Therefore, when the interlocutory judgment was modified by the judgment in the special proceeding had upon the petition of the defendant, it was no longer a judgment for alimony or other allowance for wife or child or for the appointment of a trustee. The action was terminated and the whole matter set at rest.

While in a proper case the court may, upon petition made in accordance with the statute, make any judgment in the matter which it might have made in the original action, the judgment can be revised or altered only when the petition is made by a party for revision or alteration in the respects enumerated in the statute. The petition in this case is not made by a party, and it is not one to revise or alter the judgment respecting the amount of alimony or the allowance and payment thereof, or respecting the appropriation and payment of principal and income of the property held in trust for the benefit of the wife and child. The petition here is a petition to fix the compensation of a guardian *ad litem* and to make the operation of the judgment in the special proceeding by which the trust was terminated contingent upon the payment of any sum found to be due to the guardian *ad litem.* This clearly is not within the terms of the statute. Therefore the statutory authority required under the decision in the *McNaughton Will Case* does not exist and the petition must be dismissed.

*By the Court.*—Judgment reversed, with directions to dismiss the petition.