KUETHER, Respondent, vs. THE STATE, Appellant.

*May 31—July 13, 1921.*

*Divorce: Division of estate: Modification of judgment: Jurisdiction of court: Trusts: Construction of decree: Appeal: Opinion on extraneous points to avoid further litigation.*

1. A final decree in a divorce action dividing the property between the husband and wife cannot be modified after the term at which it was rendered; the right of a wife to alimony ceases upon the death of the husband; and a judgment for support money terminates when the children become of age. Hence, whether a decree of divorce granted in 1869 is construed as a judgment for alimony or one of final division, the court, on the application of the wife in 1919, was without jurisdiction to modify the judgment, the husband and children being dead.

2. Where the original decree awarded property to the wife in trust for herself and children and she thereafter secured a modification which awarded the property to her in terms absolutely, and the state, claiming the property by way of escheat, the husband having died, challenged such modification, the supreme court may, for the purpose of terminating the litigation, construe the original decree, though the modification was void.

3. While the words "in trust" or "for trust," used in a conveyance, will, or decree, suggest a purpose to create a trust, they are not conclusive of such intent.

4. Where the statutes relating to divorce in 1869, the time the decree was entered, authorized the court to make a final division of property, but did not authorize a decree that property given to the wife should be held in trust either for her benefit or for that of her children, a decree declaring that real estate of the husband assigned to the plaintiff wife was in trust for herself and the minor children of the marriage must be deemed to vest the absolute title in the wife, the words "in trust," as used in the decree, not creating a trust, but expressing the idea that title to the real estate was vested in the wife to enable her to support the children.

APPEAL from an order and a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

In 1869 the county court of Milwaukee county entered

a decree of divorce in the above entitled action containing this provision:

"And it is further adjudged and decreed, that of the real estate owned by the defendant the following piece or parcel of land, situate, lying and being in the county of Milwaukee and state of Wisconsin, and known and described as lot No. 3, in block No. 7, in Wm. P. Young's Addition, in the Sixth ward of the city of Milwaukee, together with the dwelling house and appurtenances thereon, be and the same is hereby assigned to the plaintiff, *Emilie Johanne Caroline Sophie Kuether,* in trust for herself and the said minor children of the plaintiff and defendant. To have and to hold the same unto the said plaintiff in trust for herself and said minor children."

There were three children, Franz, Emilie, and Juliane. Emilie and Juliane died in 1873. In 1885 Franz quitclaimed to his mother any interest which he may have had in the real estate, and died in April, 1886. In the summer of 1886 the defendant Johann Hermann Gottlieb Kuether died, not having previously remarried, and leaving no kin.

In January, 1919, the circuit court for Milwaukee county (having succeeded to the jurisdiction of the county court of that county in such matter by virtue of ch. 125, Laws 1887, and ch. 1, Laws 1903), upon the application of plaintiff, modified the provision above quoted by inserting in lieu thereof the following:

"That of the real estate owned by the defendant, the following piece or parcel of land, situate, lying, and being in the county of Milwaukee and state of Wisconsin, and known and described as lot numbered 3, in block numbered 7, William P. Young's Addition, in the Sixth ward in the city of Milwaukee, together with the dwelling house and appurtenances thereon, be, and the same is hereby assigned to the plaintiff, *Emilie Johanne Caroline Sophie Kuether,* now Trettin, absolutely, and the title in fee thereof is hereby divested from the defendant and transferred to the plaintiff absolutely."

And. further adjudged as follows:

"It is further adjudged and decreed that the title in fee of the premises so described is hereby divested from the children of said plaintiff and of said defendant, now deceased, and from any and all persons claiming under them or any of them, and from the state of Wisconsin, and said title in fee is transferred and vested in said plaintiff absolutely."

From such order and judgment modifying the original decree the *State of Wisconsin,* claiming the estate of Johann Hermann Gottlieb Kuether as an escheat, brings this appeal.

For the appellant there was a brief by the *Attorney General* and *Ralph M. Hoyt,* deputy attorney general, and oral argument by *Mr. Hoyt.*

*Arthur A. Mueller* of Milwaukee, for the respondent.

OWEN, J. The power of the court to modify the original decree in the manner attempted by the order and judgment appealed from is most effectually challenged. A judgment of final division of estate between husband and wife cannot be modified after the term at which it was rendered (*Blake v. Blake,* 75 Wis. 339, 43 N. W. 144; *Gallager v. Gallager,* 101 Wis. 202, 77 N. W. 145; *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651; *Zentzis v. Zentzis,* 163 Wis. 342, 158 N. W. 284; *Towns v. Towns,* 171 Wis. 32, 176 N. W. 216), and an attempt to retransfer the real estate after such final division is without jurisdiction. *Thompson v. Thompson,* 73 Wis. 84, 40 N. W. 671. While a judgment for alimony may be modified at any time as long as it is in effect (*Lally v. Lally, supra; Von Trott v. Von Trott,* 118 Wis. 29, 94 N. W. 798; *Zentzis v. Zentzis, supra*), the right to alimony ceases absolutely upon the death of the husband. *Yates v. Yates,* 165 Wis. 250, 161 N. W. 743; *Lally v. Lally, supra; Maxwell v. Sawyer,* 90 Wis. 352, 63 N. W. 283; *Campbell v. Campbell,* 37 Wis. 206. It also ceases upon the death of the wife.

*Steinkopf v. Steinkopf,* 165 Wis. 224, 161 N. W. 757. And a judgment for support money for minor children terminates when the children become of age. *Boehler v. Boehler,* 125 Wis. 627, 104 N. W. 840. The divorced husband and all of the children being dead, the court was without jurisdiction to modify the original decree in the manner attempted, whether it be construed as a judgment for alimony or one of final division.

While this necessitates a reversal of the order and judgment appealed from, we are urged to construe the original decree, thereby determining the status of the title to the real estate involved in so far as it is affected by the original decree entered herein. It is manifest that a controversy exists between the state and the plaintiff concerning the title to this property which must be determined by an authoritative construction of the original decree entered herein. Litigation looking toward such a construction is inevitable. This will be avoided by an expression of our views upon the subject at this time. Although a discussion of the matter is not necessary to a disposition of the present appeal, we feel constrained to give the matter our consideration, to the end that further litigation may be avoided.

It is to be noticed that by the terms of the original decree the real estate therein mentioned was assigned to the plaintiff, *Emilie Johanne Caroline Sophie Kuether,* "in trust for herself and the said minor children of the plaintiff and defendant." It is contended on the part of the *State* that the decree did not vest the plaintiff with the absolute title to the real estate and that nothing more than a trust was created. There is much discussion in the brief of the *State* as to the nature of the trust, and limitations are set upon the extent of the title which plaintiff can now claim upon various contingencies assumed.

We shall confine our inquiry to the question whether the court, by the language used, intended to create a trust at all.

Should this question be answered in the negative, it will be unnecessary to consider the character of the trust or the limitations which it imposes upon plaintiff's present title.

While the words "in trust" or "for trust" used in a conveyance, will, or decree suggest a purpose to create a trust, yet they are not conclusive of such an intent. *Davies v. Davies,* 109 Wis. 129, 85 N. W. 201; *Danforth v. Oshkosh,* 119 Wis. 262, 97 N. W. 258. In the latter case it was said:

"Of course, the presence or absence of words declaring an estate to be in trust is not conclusive, though they may be more or less significant of the purpose in the grantor's mind. . . . The question is whether the testator's intent involved the elements of a trust as known to the law."

And in *Will of Dever,* 173 Wis. 208, 180 N. W. 839, it is said:

"We are also impressed with the thought that where a testator says he gives 'in trust' or 'upon trust,' but makes no attempt to prescribe the terms or purposes of the trust, a court may well pause and consider whether it was really the intention of the testator to create a trust in the legal sense."

Under the circumstances, the words "in trust" in the original decree give rise to an ambiguity, and in order to discover the judicial intent it is permissible to refer to the facts and circumstances disclosed by the record as well as the authority of the court in the premises. We should presume that the court intended to act within the scope of its authority and not to exceed it.

The divorce was granted on the ground of habitual drunkenness and cruel and inhuman treatment. The property of the defendant consisted of the lot here in question, with an adjoining lot, some household furniture, a number of cows and chickens, and certain promissory notes. The entire estate amounted to $3,500, according to the court's finding. The statutes relating to divorce at the time the decree was entered authorized the court to make a final division of the

property owned by the husband. *Donovan v. Donovan,* 20 Wis. 586. The statute did not in express terms authorize the real estate to be conveyed in trust for the wife; but conceding, for the purposes of the argument, that the power to vest the wife absolutely with the title to a portion of the real estate authorized the court to convey the same in trust for her benefit on the theory that the power to convey the entire title included the power to convey a portion thereof, yet we are confronted with the fact that the statute did not authorize the court to convey the real estate or any other property belonging to the plaintiff to or for the benefit of the children. So far as the decree attempted to vest in the children any right or title to the real estate involved, if it did so attempt, it was without question beyond the power of the court. The court committed the care and custody of the minor children to the plaintiff, and the plaintiff owned no property in her own right. When we consider that this divorce was granted on the ground of habitual drunkenness, that the defendant was found incompetent and unfit to have the care and custody of the minor children, and that the plaintiff owned no separate estate, we must conclude that the court intended by that provision of the decree under consideration to provide as far as possible for the support and maintenance of the plaintiff and her minor children, acting in such respect within the authority conferred by law. While the decree states in terms that the real estate is vested in plaintiff in trust for herself and minor children, it does not say for how long the trust is to last, nor what shall become of the property upon the termination of the trust. There is nothing to indicate a judicial intent that the real estate mentioned in the decree should ever revest in the defendant. We see no reason to doubt the purpose of the court absolutely to divest the defendant of title to the property in question. When we reflect that the court had no power to create a trust in favor of the children, and it is very

doubtful if any power existed to create a trust in favor of the wife; that it was the purpose to provide for the support and maintenance of the plaintiff and the children; that it was within the clear power of the court to make a final division and distribution of the estate between the parties; that it was the purpose to completely divest the defendant of all title, we come rather clearly to the conclusion that the words "in trust" as used in the original decree were not used with the purpose of creating a trust in any legal sense, but rather to express the idea that the title to the property was vested in the wife to enable her to discharge the duties and responsibilities in the matter of the support and maintenance of the children which the decree cast upon her, and that a proper construction of the decree vests in the plaintiff the absolute title to the real estate therein described. A similar decree was thus construed in *Simpson v. Simpson,* 80 Cal. 237, 22 Pac. 167.

We therefore think that the court erred not only in assuming power to modify the original decree, but in assuming that by the entry of the order and judgment appealed from the original decree was in any respect modified. In other words, in our judgment the original decree vests in the plaintiff the absolute title to the property as fully as would be accomplished by the order and judgment appealed from if within the jurisdiction of the court to make.

*By the Court.*—Order and judgment reversed, and cause remanded with directions to dismiss plaintiff's petition.