ESTATE OF ROONEY: ROONEY, Appellant, v. POWELL, Executor, and others, Respondents.

*January 10—February 5, 1963.*

90

For the appellant there was a brief and oral argument by *Rodney J. Edwards* of Superior.

For the respondents there was a brief by *Johnson, Fritschler, Barstow & Witkin* of Superior, for Lyman T. Powell, Jr., Executor, and Bonita V. Rooney; *James C. McKay* of Superior, guardian *ad litem*, for Robert E. Rooney, Jr., and Darling Rooney; and *Maynard Berglund* of Superior, guardian *ad litem*, for Patricia Lou Rooney, and oral argument by *Barney B. Barstow.*

BROWN, C. J.   The issue presented upon appeal is whether the judgment and stipulation provide for alimony payments to appellant after the death of her former husband in view of the language of the judgment and stipulation and the circumstances surrounding the divorce.

The general principle is well established that alimony payments to the divorced wife cease upon the death of the divorced husband. *Estate of Traver* (1958), 2 Wis. (2d) 509, 87 N. W. (2d) 269; *Kuether v. State* (1921), 174 Wis. 538, 183 N. W. 695; *Yates v. Yates* (1917), 165 Wis. 250, 161 N. W. 743. However, this principle is subject to the rule that alimony can be given after the death of the husband if the spouses so agree by stipulation. *Traver, supra,* page 518. Where ambiguity exists, view may be had to the surrounding circumstances in interpreting the judgment and stipulation as well as their express language. *Traver, supra,* page 516.

As in the *Traver Case,* the present judgment and stipulation do not contain an express statement that alimony shall continue after the death of the divorced husband. However, in *Traver* the judgment provided, in part:

". . . in par. 5 (b), that the alimony payments shall continue until the further order of the court 'but in no case after the death of the defendant, Ayleen N. Traver.' The provisions of sub. (f), 'to make defendant secure in the alimony payments,' require the husband to convey the Broad street property to the trustee, 'such conveyance to be *for the term of the life of defendant.'* From this language it would appear that the allowance of alimony was for the life of Ayleen Traver. There is nothing in the judgment to indicate otherwise. The contingencies specifically provided for are: (1) If the wife died during the husband's lifetime, the title to the Broad street property was to revert to the husband,—in other words, the alimony secured to the wife by the trust was to cease at *her* death. (2) On the death of the wife the remainder in the trust property was to go to the children of

the parties,—the implication being that if the husband preceded the wife in death, the trust would remain in effect to secure the alimony payments until she should die." *Estate of Traver, supra,* page 515.

Appellant points to paragraph 4 of the present stipulation in support of her contention that there is express language stating that alimony should continue after the death of Mr. Rooney. This provision secures the payments of alimony, and by it appellant could not press any claims against her former husband's property or business as long as he maintains payments unless the court orders otherwise.

In the case at bar, neither stipulation nor judgment contained a statement that alimony would continue until further order of the court but in no case not after the death of the wife, nor was there a trust set up for the life of the wife to secure these payments, thus differing from the recitations in *Traver.* The mere security of alimony payments by giving the wife the right to make a claim on the husband's property or business if he does not maintain payments without any further provision for the contingency of his death cannot be interpreted to mean that it expressly provides for the continuance of alimony payments after the death of the husband.

The circumstances surrounding the divorce do not indicate, as appellant urges us to believe, that the parties intended the stipulation to provide for alimony after Mr. Rooney's death. The similarities in the situation of the *Traver Case* to those of the present case are that the wife had no sizeable estate, could not support herself, and could not manage property.

In the present case, however, the spouses were around thirty-seven years of age at the time of the divorce. The record does not show the value of the property owned jointly by the parties or the value of Mr. Rooney's one-third interest in the liquor-distributing company. To make estimates in that regard without further facts would be mere specula-

tion. We cannot hold here as we did in the *Traver Case* that the value of the husband's property at the time of the divorce was substantially the same as at his death. On the contrary, the record indicates there was a substantial change in the value of Mr. Rooney's estate. The monthly income of Mr. Rooney according to appellant's complaint for divorce, was in excess of $300. Confronted with her own inability to be self-supporting, and with the age of her husband and the value of his property and monthly wage, appellant chose to divest herself of her ownership in the joint property in return for monthly payments of alimony.

Several years after the divorce the financial status of Mr. Rooney had substantially changed. He no longer was earning in excess of $300 per month as appellant had alleged in her complaint, but was earning in excess of $15,000 per year according to her petition to revise the judgment. It is significant that in her petition she indicated that there was no provision in the judgment or stipulation allowing for alimony or for support of the child if her former husband predecease them. No mention was made in this petition or in the subsequent stipulation approved by the court, that to continue the alimony and support payment after the death of the husband would meet this contingency. On the contrary, these circumstances served as reasons for appellant to obtain an increase in her alimony and in the support payments.

Therefore, we cannot hold that the judgment and stipulation expressly provided for alimony to continue after the death of Mr. Rooney, nor can we hold that the circumstances surrounding the divorce indicate there was this intention.

*By the Court.*—Judgment affirmed.