IN RE the MARRIAGE OF Cynthia R. WAGNER,
p/k/a Cynthia R. Sobczak, Petitioner-Respondent,

v.

ESTATE OF Dennis A. SOBCZAK,
by its Personal Representative,
Terre M. Borkovec,
Respondent-Appellant.

Court of Appeals

*No. 2010AP2863, 2011AP420. Submitted on briefs
September 27, 2011.—Decided October 26, 2011.*

2011 WI App 159

(Also reported in 808 N.W.2d 167.)

93

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Margaret W. Hickey* and *Megann M. Senfleben* of *Becker, Hickey & Poster, S.C.*, Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Susan E. Lovern, Rachel N. Schepp,* and *Christy A. Brooks* of *von Briesen & Roper, S.C.*, Milwaukee.

Before Brown C.J., Neubauer, P.J., and Neal Nettesheim, Reserve Judge.

¶ 1. NEUBAUER, P.J. The Estate of Dennis A. Sobczak, by its personal representative, Terre M. Borkovec, appeals from a circuit court order recogniz-

ing Cynthia Wagner's right to make a claim against Dennis' estate for maintenance due to her under a divorce judgment. The Estate additionally appeals from a subsequent order granting Wagner's request for a contribution to her attorney fees and ordering the Estate to contribute $3500.[1] We conclude that, under the unambiguous terms of Dennis and Cynthia's maintenance agreement which was incorporated in the divorce judgment, the amount and duration of maintenance payments from Dennis to Cynthia are not modifiable under any circumstance. We therefore affirm the circuit court's order ruling that Cynthia may make a claim against the Estate. However, we further conclude that the circuit court erred in its finding that the Estate engaged in overtrial warranting a contribution to Cynthia's attorney fees. We reverse the order for attorney fees, but remand for a determination as to whether a fees contribution is warranted based on ability to pay under WIS. STAT. § 767.241 (2009–10).[2]

## BACKGROUND

¶ 2. Dennis and Cynthia were divorced on August 24, 2004, after twenty years of marriage. The Findings of Fact, Conclusions of Law, and Judgment of Divorce, incorporating the parties' oral maintenance agreement, were signed by Judge Michael O. Bohren and entered on September 15, 2004. The divorce judgment provides in relevant part:

---

[1] The order concerning Cynthia's maintenance claim was appealed in case no. 2010AP2863. The order concerning the attorney fees contribution was subsequently appealed separately in case no. 2011AP420. The appeals were consolidated at the Estate's request by order of this court dated March 18, 2011.

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

13. **Maintenance**. Maintenance as to the respondent, Dennis A. Sobczak is waived and is permanently denied, pursuant to WIS. STAT. § 767.32.

The respondent, Dennis A. Sobczak shall pay to the petitioner, Cynthia R. Sobczak the amount of $4,900.00 per month as maintenance payments. Such payments shall be payable in the sum of $2,261.54 bi-weekly, commencing on August 25, 2004. The maintenance shall terminate on August 25, 2014, and said maintenance payments shall not be modifiable in either duration or amount under any circumstance, and, further, shall not be subject to revision as provided for in WIS. STAT. § 767.32.

This language reflects the parties' understanding of the maintenance agreement as set forth at the stipulated divorce hearing. There, Cynthia's attorney advised the court,

[W]ith respect to the issue of maintenance, Mr. Sobczak will be paying to Mrs. Sobczak the sum of $4,900 per month for a fixed period of 10 years. It's my understanding that this is a *Rintelman*[3] type agreement non-modifiable. It will be paid regardless of circumstances for the next 10 years.

Both Cynthia and Dennis testified as to their understanding of the maintenance agreement as nonmodifiable.

¶ 3. Dennis was diagnosed with cancer in early 2010 and informed Cynthia of the serious nature of his illness. On March 1, 2010, Cynthia filed a motion to enforce the judgment requesting an order that she would receive the maintenance payments after Dennis' death. The matter was heard by a court commissioner

[3] *Rintelman v. Rintelman*, 118 Wis. 2d 587, 348 N.W.2d 498 (1984).

on March 31, 2010, who dismissed Cynthia's motion on the merits because there had not been any evidence that Dennis had violated their agreement. However, in ordering the dismissal, the commissioner found that the amount and term of the maintenance order are nonmodifiable. The commissioner issued an order on April 12, 2010, stating:

1. Pursuant to Paragraph 13, page 3, of the parties' Divorce Judgment, the amount and term of payments to Ms. Wagner from Dr. Sobczak are not modifiable under any circumstance, including death.

2. Should Dr. Sobczak predecease the term's end, Ms. Wagner is entitled to be a creditor and is entitled to such relief as exists under the law for all payments due her through August 25, 2014.

3. Having received no proofs that Dr. Sobczak has structured his estate to defraud Ms. Wagner from payments due her, Ms. Wagner's claims are unripe for the court action; her Motion is denied and dismissed on the merits, and no party's requests for costs or fees are granted.

Dennis filed a motion for de novo review before the circuit court. The circuit court, Judge Lee Dreyfus, Jr., presiding, held a hearing and upheld the commissioner's order ruling that Cynthia may make a claim against Dennis' estate for the fulfillment of the maintenance obligation.

¶ 4. Cynthia's attorney filed a request for payment of attorney fees and costs on August 19, 2010. Dennis opposed Cynthia's request. Dennis passed away on December 10, 2010. The circuit court subsequently granted an attorney fee award of $3500. Dennis' estate appeals.

## DISCUSSION

¶ 5. The Estate contends that the circuit court erred in extending maintenance beyond Dennis' death and by recognizing Cynthia's claim against the Estate because Cynthia and Dennis had not agreed to those terms. The Estate additionally contends that the circuit court erred in its award of attorney fees. We address each argument in turn.

¶ 6. The Estate correctly observes that maintenance is generally modifiable as to term and amount under WIS. STAT. § 767.59(1c), formerly WIS. STAT. § 767.32 (2003–04). However, Wisconsin courts have recognized that parties may modify the usual statutory terms of maintenance by arriving at a contractual agreement as to maintenance. *See Rintelman v. Rintelman,* 118 Wis. 2d 587, 596–97, 348 N.W.2d 498 (1984); *Nichols v. Nichols,* 162 Wis. 2d 96, 105–06, 469 N.W.2d 619 (1991); *Ross v. Ross,* 149 Wis. 2d 713, 714, 439 N.W.2d 639 (Ct. App. 1989). "It is simply a rule of law which holds the parties to the terms of a stipulated divorce judgment in cases where the stipulation is fair and not violative of public policy, and where, but for the parties' agreement, the court could not have entered the judgment it did." *Ross,* 149 Wis. 2d at 718–19. It reflects the notion that a person who agrees that something be included in a family court order, especially where he or she receives a benefit, is in a poor position to subsequently object to the court doing as requested. *See Rintelman,* 118 Wis. 2d at 594–95.

¶ 7. As we have already noted, the marital settlement agreement in this case, placed on the record at the final hearing and approved by the court, was incorporated into the final judgment of divorce. A judgment is

interpreted in the same manner as other written documents. *Jacobson v. Jacobson*, 177 Wis. 2d 539, 546, 502 N.W.2d 869 (Ct. App. 1993). Construction of the document is permitted only if it is ambiguous, and the determination of whether it is ambiguous presents a question of law, which this court reviews de novo. *Id.* at 547. Words or phrases in a contract or judgment are to be given their plain and ordinary meaning unless the word has a technical meaning. *Topolski v. Topolski*, 2011 WI 59, ¶ 33, 335 Wis. 2d 327, 802 N.W.2d 482. In the end, the construction of a contract is essentially one of determining the intent of the parties. *Levy v. Levy*, 130 Wis. 2d 523, 533–34, 388 N.W.2d 170 (1986). The best indication of the parties' intent is the language of the document itself. *Topolski*, 335 Wis. 2d 327, ¶ 33.

¶ 8. As recognized in *Rooney v. Powell*, 19 Wis. 2d 89, 93, 119 N.W.2d 313 (1963), maintenance may be awarded after the death of the payor if the parties expressly agree by stipulation. Here, the judgment provides that "maintenance shall terminate on August 25, 2014, and said maintenance payments *shall not be modifiable in either duration or amount under any circumstance,* and, further, shall not be subject to revision as provided for in Wis. Stat. § 767.32." (Emphasis added.) The Estate's arguments are premised largely on its position that "under any circumstance" does not include the circumstance of Dennis' death. We disagree.

¶ 9. We conclude that the language is unambiguous in precluding modification of maintenance in *any* circumstance, including death. While the Estate contends that there is no express indication that "the payments will extend beyond the death of either party," it is the absence of any exception to the all encompassing

99

"any circumstance" that defeats its argument. Again, the agreement provides that "maintenance payments shall not be modifiable in either duration or amount under any circumstance." This broad language does not include any exception, including death. *Cf. Fobes v. Fobes*, 124 Wis. 2d 72, 74, 368 N.W.2d 643 (1985) (stipulating to the payment of maintenance for three years or until the death or remarriage of the payee), *abrogated on other grounds by Rohde-Giovanni v. Baumgart*, 2004 WI 27, 269 Wis. 2d 598, 676 N.W.2d 452; *Nichols*, 162 Wis. 2d at 118 n.2 (parties bargained for maintenance to be paid "until the death of either party or the remarriage of the recipient spouse").[4] The parties' preclusion of modification is further evidenced by the unqualified prohibition of revision under Wis. Stat. § 767.32(1) (2003–04), now Wis. Stat. § 767.59(1c).

¶ 10. This court cannot, in the guise of construing a contract, insert what has been omitted or rewrite a contract made by the parties. *Levy*, 130 Wis. 2d at 533. If we were to accept the Estate's invitation to terminate maintenance upon Dennis' death despite the unambiguous terms of the parties' agreement, we would be doing just that.[5] We therefore

---

[4] In so concluding, we reject the Estate's reliance on the federal tax code provisions governing maintenance payments. Because the agreement is unambiguous, we need not refer to extrinsic sources. Moreover, the tax provision cited addresses only the termination of maintenance upon the death of the payee; it says nothing as to the death of the payor.

[5] We acknowledge that, at the final hearing, Dennis' attorney noted his assumption that maintenance would terminate upon the death of either party or Cynthia's remarriage. However, Cynthia's attorney disputed that assumption. Because the issue was raised after the agreement had been placed on the record, the circuit court advised: "If there's an agreement, we will have to resolve that. You can make your statement on the

uphold the circuit court's order as to Cynthia's claim against the Estate.[6]

█

¶ 11. The Estate additionally challenges the circuit court's order that Dennis contribute $3500 toward Cynthia's attorney fees. A circuit court's authority to assess fees is based on its consideration of each party's need and ability to pay under Wis. Stat. § 767.241, or a finding that one party engaged in overtrial, *see Ondrasek v. Ondrasek,* 126 Wis. 2d 469, 484, 377 N.W.2d 190 (Ct. App. 1985) ("As a matter of sound policy, an innocent party who is the victim of 'overtrial' should not be burdened with the payment of extra and unnecessary attorney fees occasioned by the other party."). Here, the circuit court's order states: "As [Cynthia's] motion was denied on its merits without costs or fees assessed against [Dennis], [his] De Novo request was of no useful purpose as [Cynthia] was successful defending [her]

---

record, but the agreement as entered into the record at the beginning of the proceeding will be the agreement. That's the agreement the court accepted." Cynthia's attorney subsequently reduced the agreement to writing for purposes of the divorce judgment, and submitted it to the court on September 3, 2004. The court entered the divorce judgment on September 15, 2004. The record does not contain any indication that Dennis objected to the language in the submitted judgment, and the judgment is consistent with the maintenance agreement placed on the record at the final hearing. Our review is limited to the language in the final agreement.

[6] Cynthia maintains that it is within the circuit court's authority to recognize her claim against Dennis' estate. The Estate does not develop any argument to the contrary and appears to concede that, if the parties agreed to an extension of maintenance beyond death, the circuit court could recognize the payee's claim against the estate. We therefore do not address the issue further.

Motion and without costs." The circuit court ordered Dennis to contribute $3500 toward Cynthia's attorney fees.

¶ 12. As to overtrial, Dennis contends that the circuit court's rationale—that Dennis had no reason to appeal after Cynthia's enforcement order had been dismissed—ignores the remainder of the order, which recognized Cynthia's potential claim against his Estate. Dennis claims that his options were to ignore the order or request de novo review. Cynthia counters the circuit court's overtrial finding was appropriate given that she was required to pay three times to secure her maintenance payments. While we concluded that the terms of the agreement were unambiguous as to the nonmodifiable nature of the maintenance agreement, we nevertheless agree with Dennis that his request for de novo review was reasonable in light of the commissioner's adverse findings.

¶ 13. However, Cynthia additionally argues that Judge Dreyfus' decision to award Cynthia a portion of her attorney fees does not constitute an erroneous exercise of discretion. This may be true if the contribution were based on the parties' ability to pay under Wis. Stat. § 767.241(1)(a).[7] This provision permits the court, "after considering the financial resources of both parties," to order either party to pay a reasonable amount

---

[7] Although the circuit court's order was based on overtrial, the issue of whether a contribution was warranted under Wis. Stat. § 767.241 due to Cynthia's need and ability to pay was before the circuit court prior to its ruling. In briefing the attorney fees issue, both parties argued as to Cynthia's ability to pay; however, the circuit court did not make findings as to this issue.

for the cost to the other party of maintaining or responding to an action affecting the family and for attorney fees to either party. *Id.* A trial court awarding contribution under § 767.241(1) must consider the receiving spouse's need for contribution, the paying spouse's ability to pay, and the reasonableness of the fee. *See Johnson v. Johnson*, 199 Wis. 2d 367, 377, 545 N.W.2d 239 (Ct. App. 1996). While Cynthia points to portions of the record that would support the requisite findings, the circuit court did not set forth its findings in ordering Dennis' contribution to Cynthia's fees. We therefore reverse the attorney fee order and remand for further findings.

## CONCLUSION

¶ 14. We conclude that the terms of the parties' divorce judgment umabiguously provide for ten years of maintenance that is not modifiable under *any circumstance*—including death. We further conclude that the circuit court's order for the contribution to attorney fees, if based on overtrial, is not supported by the record. However, we remand for the circuit court to make the appropriate findings as to whether a contribution to attorney fees is supported under Wis. Stat. § 767.241(1)(a).

*By the Court.*—Orders affirmed in part; reversed in part and cause remanded.